### BIRD AND BAILEY, EX PARTE.

On an application for bail in a criminal case, the court will give the prisoner the benefit of any reasonable doubts that may arise in considering the testimony.

### *Application for Bail.*

R. S. GANTT and GARLAND & NASH, for petitioner.

CLARK, WILLIAMS & MARTIN, contra.

Mr. Justice CLENDENIN delivered the opinion of the court.

The petitioners in this case allege by their petition, that they were indicted at the August term, 1866, of the Prairie circuit court for the crime of murder. That after their arraignment on said indictment at said August term, they applied to the Hon. LIBERTY BARTLETT, the judge of said circuit court, to be admitted to bail, and in support of their application presented certain testimony contained in a written transcript, which transcript contained all the testimony presented and considered by the court.

That on the hearing of said application, their application to be admitted to bail was refused, and they were ordered into the custody of the sheriff. The petitioners deny that they are guilty of the crime of murder, and pray this court to review the decision of the circuit court in refusing them bail and to grant them a *habeas corpus*, to be brought before this court and admitted to bail, or that a mandamus may be issued to the circuit judge commanding him to admit said petitioners to bail, and in support of their application again submit a certified transcript of the testimony received and acted upon by the circuit court.

We have given full and mature consideration to the arguments for and against the application and have diligently examined and reflected on the testimony submitted by the transcript, and while it is our desire to refrain from giving an opinion that would be, in any wise, calculated to prejudice the rights of the state or of the prisoners, on the final trial of the cause, and adopting the language of this court in the case of *Good et. al., ex parte,* 19 *Ark.,* 410, "that this court has the power of revision, but that it should be cautiously exercised, we cannot lose sight of the humane principle of the law that requires every reasonable doubt to go to the benefit of the prisoner." And, therefore, giving to these petitioners the benefit of such reasonable doubts as arise in our minds when considering the testimony in this case, we think it right to admit them to bail.

It having been suggested by the counsel that the petitioners are now imprisoned in the jail of Pulaski county, we think it would be more convenient to bring them before this court, by *habeas corpus,* to be admitted to bail, than to issue a mandamus to the circuit judge of Prairie county.

The writ of *habeas corpus* will therefore be awarded.