Harbour, ex parte.

---

HARBOUR, EX PARTE.

1. SUPREME COURT: *Power to review decision of Circuit Judge on application for bail.*

The Supreme Court, in the exercise of its superintending control over inferior courts, has power to review, on *certiorari*, the decision of a Circuit Judge refusing bail.

PETITION for *certiorari*, to grant *habeas corpus*.

Hon. C. E. MITCHELL, Circuit Judge.

*Hon. B. W. Johnson*, for petitioner.

ENGLISH, C. J.   John S. H. Harbour was indicted in the Circuit Court of Calhoun County for murder in the first degree.   He applied to the Circuit Judge, Hon. C. E. Mitchell, for bail, which was refused, and his honor, the judge, reduced to writing, certified, and filed in the office of the clerk of said court, as a memorial, the substance of the evidence taken on the hearing of the application, and his order thereon refusing to admit the prisoner to bail.

The prisoner applied to this court for *certiorari*, to bring up a transcript of the memorial filed in the clerk's office, to the end that the order of the judge refusing bail might be reviewed, etc.   He presented with his application a certified transcript of the memorial, and the indictment, etc., and the Attorney-General being satisfied that the transcript so presented was fair and genuine, consented to waive the issuance of a *certiorari*, and let the application be heard on it, as if returned on *certiorari*.

In *Good et al., ex parte, 19 Ark., 410*, this court held that, in the exercise of its constitutional power of superintending control over inferior tribunals, it could review, on *certiorari*, the decision of a Circuit Judge refusing bail, and indicated the proper mode, as matter of practice, of bringing the decision before it for review.   This decision was approved in *Kittrell, ex parte, 20 Ark., 500*.

I am of the opinion that there is the same power of review in this court under the present Constitution, in the matter of bail, and in this Brother Eakin concurs, for reasons which he will express.

We all concur in opinion that, upon the evidence taken and certified by the Circuit Judge, the prisoner was entitled to bail.

The order of the Circuit Judge refusing bail must be reversed, and the matter remanded, with instructions to the

judge to admit the prisoner to bail, upon his entering into bond, conditioned according to law, in such sum as his honor, the Circuit Judge, may, in his discretion, fix, with good and sufficient sureties to be approved by him.

The clerk of this court will make out a certified copy of this mandate, and transmit it to the Clerk of Calhoun Circuit Court.

EAKIN, J. Whilst I firmly adhere to the decision of this court, in the case of the *Batesville and Brinkley R. R. Co.*, *ex parte*, announced at the present term, I do not consider that the principles of that case apply to this. The difference seems to me clear, in this: that the case referred to was based upon a statute of the State, which attempted to confer powers upon this court or its judges, and impose duties not within such appellate and supérintending powers as were contemplated by the Constitution of the State, and the exercise of which would bring the Circuit Courts into contempt, and make litigation interminable. In short, I do not think it within the power of the Legislature to give this court the power to correct, step by step, the interlocutory proceedings in a cause pending below, which proceedings rest in the sound discretion of the presiding judge.

The right to bail in criminal cases is a high constitutional right in the American free governments, and has ever been held sacred in England, since the principles of liberty have been established, under great fundamental axioms, taking the place of written constitutions. Applications for it are not proceedings under the indictment, but distinct. The granting or refusal of them neither expedites nor retards those proceedings, nor affects the result, as proper bail, in contemplation of law, secures appearance of the prisoner as effectively as the walls of a prison with

chains and fetters. The application is a distinct proceeding, based upon a constitutional right. Its scope and purpose extends no further than to obtain the privilege of going at large until required to appear for trial. It contemplates nothing beyond the trial, but means to ask an inestimable privilege in the interim. The decision of it is final as to *all* it asks, and, upon refusal, nothing more is required of the court to be done with regard to that special constitutional right. After trial, there is either no use for an appeal or writ of error, or one would be fruitless. If this court should decline superintending control in such cases, every person accused would hold his constitutional guarantee at the will of a Circuit Judge, which might be arbitrary, or his judgment, which might be mistaken. The Constitution has not intended that.

It is useless to multiply authorities upon this point. They are numerous, but a few will suffice.

In the case of *Ex parte Ballman and Swartout, 4 Cranch, 75*, Mr. Chief Justice MARSHALL said: "It has been demonstrated at the bar that the question brought forward on a *habeas corpus* is always *distinct* from that which is involved in the cause itself. The question whether the individual shall *be imprisoned* is always distinct from the question whether he shall be convicted or acquitted of the charge on which he is to be tried; and, therefore, these questions are separated, and *may be decided in different courts.*

"The decision that the individual shall be imprisoned must always precede the application for a writ of *habeas corpus*, and this writ must always be for the purpose of revising that decision; and, therefore, appellate in its nature.

" But this point is also decided in *Hamilton's* case and in *Burford's* case."

Harbour, ex parte.

In a recent case in the Texas Court of Appeals, *Ex parte Walker*, vol. *3, p. 669,* it was announced that the judgment of a district court refusing bail had always been held the subject of appeal. There, too, it was objected that the order of the court refusing bail was an order *during the progress of a trial,* and not such a judgment as was made the subject-matter of appeal by law. The court said this was untenable, remarking that "the object of the application for the writ and the purposes for which it was granted, were to ascertain if the applicants, who are charged with murder, were entitled to bail under article 2992. The court, by its judgment, refused them bail, and the judgment of a court refusing bail upon a proceeding under habeas corpus has always been held a subject of appeal."

Having the same views of the *intrinsic nature* of the application now made, my mind is clear as to the jurisdiction of this court, and, in the exercise of it, I think it well to follow the practice heretofore prescribed.

Upon the merits of the case, we can not anticipate what the trial may hereafter develop, or intimate an opinion. That must be left to the free, unprejudiced consideration of a jury. I can only say that, so far as appears from the memorial, I do not think it makes such evident proof, or great presumption of a capital offense, as to justify refusal of bail, and that the honorable Circuit Judge was mistaken as to the force and effect it might have on the minds of a properly-instructed jury.

I concur in the relief indicated by the Chief Justice.