The State ex rel. Smith v. The County Court of Platte Co.

THE STATE *ex rel.* SMITH V. THE COUNTY COURT OF PLATTE COUNTY, *Appellant.*

**Mandamus**: CORONER'S FEES, ALLOWANCE OF. The action of a county court in passing upon the account of a coroner for costs and expenses incurred in holding an inquest over a dead body is judicial, from which an appeal may be taken, and mandamus will not lie to compel them to allow it.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*J. W. Coburn* for appellant.

Respondent's remedy was by appeal, R. S., secs. 1216, 1217, and not by mandamus. *Williams v. Judge of Cooper Court of Common Pleas*, 27 Mo. 225 ; *Blecker v. St. Louis Law Com'r*, 30 Mo. 111. And the court having passed judicially on the account cannot be required to render a further or different judgment. *State ex rel. Watkins v. Macon County court*, 68 Mo. 48 ; *State ex rel. v. Lafayette Co.*, 41 Mo. 224 ; *Miltenberger v. St. Louis County Court*, 50 Mo. 172 ; *State ex rel. School Dist. v. Byers*, 67 Mo. 706 ; *State ex rel. Adamson v. Lafayette County court*, 41 Mo. 221.

No brief for respondent.

NORTON, J.—This is a proceeding by mandamus on the part of the state at the relation of C. A. Smith, the object of which is to compel the county court of Platte county to allow the account of relator for costs and expenses in holding an inquest over a dead body. The trial court awarded a peremptory writ as prayed for, from which defendant has appealed to this court, and the

question which the appeal presents is whether under existing statutes, the county court in allowing such accounts acts ministerially or judicially, and whether in the event of disallowance mandamus will lie.

It appears from the record before us that the relator presented his account to the county court for allowance and it was disallowed. That the action of the court in this respect was judicial and not ministerial, has been expressly held by this court at the present term in the case of *State ex rel. v. Marshall*, 82 Mo. 484; and it is also held in that case that where the county court has acted and refused to allow such an account that mandamus will not lie to compel them to allow it, first because the court as to such accounts acts judicially and second, because the law in such cases affords an adequate remedy to the coroner, or justice who may act as coroner, by appeal from the decision of the court. It is also held in the above cited case that the case of *Boisliniere v. Board of County Commissioners*, 32 Mo. 375, where it was held that under the statutes of 1855 then in force it was the duty of the coroner and not that of the court to decide the propriety of the inquest, was not now in point because the statute had been changed by section 5157, Rev. Stat., which provides " that no costs or fees to the coroner shall be allowed by the county court, in any case of the view of or inquest on a dead body, unless it appears to the court that the coroner, either before or during the view or inquest, had reasonable cause to believe that such body was that of a person who had come to his death by violence or casualty, or who being unknown was found dead within such county."

The judgment of the trial court is therefore reversed. All concur.