RANKIN v. FLETCHER.

Opinion delivered June 17, 1907.

MANDAMUS—CONTROL OF JUDICIAL DISCRETION.—Where the Supreme Court, on remanding a chancery cause for further proceedings, made no order with reference to the property involved or the rents and profits therefrom, mandamus will not lie to compel the trial court to determine such matters in any particular manner; the rule being that the judicial discretion of inferior courts can not be controlled by mandamus.

Mandamus to Woodruff Chancery Court; *John Fletcher,* Special Chancellor; mandamus denied.

*Gustave Jones, N. W. Norton, H. F. Roleson, P. R. Andrews* and *H. M. Woods,* for petitioner.

1. Construction of the intent and meaning of the opinion of the Supreme Court is not a matter for the exercise of judicial discretion by the inferior court, and such a case is a proper one for a mandamus by the Supreme Court to compel the inferior court to carry out the mandate. 51 L. R. A. 3; 148 U. S. 228; 160 U. S. 225; 12 Pet. (U. S.) 493; 14 *Id.* 51; 94 U. S. 498; 97 S. W. 293.

2. In *Rankin* v. *Schofield,* heretofore decided by this court, it is settled that L. B. McDonald and all claiming under him acquired nothing by his purchase, the same being absolutely void; that he acquired no rights by reason of his attempted purchase

which affect petitioner's right of possession. The decree of the respondent, therefore, in postponing the right of petitioner to possession of the land until after an accounting and report of a master, was not in substance and effect a carrying out of the mandate of this court. That decision is the law of the case, and is conclusive of every question of law or fact presented upon the record which was necessary to have been decided in order to enable the court to arrive at such conclusions. 14 Ark. 523. The right to restitution does not have to wait on the subsequent litigation in the case, but the order goes as a matter of course, and the right may be enforced by mandamus. 89 Ala. 237; 98 N. Y. 486.

3. Since the sale of the land to McDonald was absolutely void, the betterment act does not apply, and it was error to postpone petitioner's possession to an accounting. 53 Ark. 545; 70 Ark. 415.

*Moore, Smith & Moore,* for respondent.

1. This court on the former appeal said: "We have not undertaken to determine the rights of parties to return of proceeds of sale of land received by appellant, rent of lands or improvements thereon, or other incidents consequent on the recovery of the same. They were undetermined by the chancery court, and we are without sufficient information to do so." Under such conditions this court will not seek to control the discretion of the chancellor by mandamus. 77 Ark. 101; 81 Ark. 440.

2. Under the issue thus undetermined the defendant in the supplemental proceeding claimed and was entitled to the benefit of the betterment act. Kirby's Digest, § 2754. Under this act, the test is actual notice, as distinguished from constructive notice. 48 Ark. 186; 51 Ark. 275; 45 Ark. 410. The right of occupants under this act is not affected by the plaintiff's infancy. The statute is general, and no exception is made in favor of infants; and the right of a minor to show cause against a judgment directing the sale or conveyance of land and to recover the same must be exercised upon the conditions prescribed by law in regard to compensation for betterments, etc. 52 Ark. 132.

BATTLE, J. The facts in this case appear in *Rankin v. Schofield* (81 Ark. 440), recently pending in this court, on appeal from Woodruff Chancery Court, up to the tenth day of December,

1906, when the decree of the chancery court was reversed, and the cause was remanded for further proceedings. In remanding it this court said: "We have not undertaken to determine the rights of parties to a return of proceeds of sale of lands received by appellant, rents of lands and improvements thereon, or other incidents consequent on the recovery of same. They were undetermined by the chancery court, and we are without sufficient information to do so." No special directions were given, except to enter a decree in accordance with the opinion of the court, "and for other proceedings."

Two decrees were rendered in this cause by the chancery court, which were reversed by this court. When the first was reversed and the cause remanded, Mrs. Rankin, one of the defendants in the suit, upon whose appeal the first decree had been reversed, filed a supplemental complaint in the chancery court, in which she made persons who were in possession and claiming the land in controversy defendants, and asked that a decree be entered restoring the land to her possession, and for the rents and profits during the time she had been out of possession. The persons made defendants by the supplemental complaint claimed and held the lands under L. B. McDonald. They answered, alleging that McDonald had purchased the lands at a judicial sale, and that he had conveyed the lands to them, denying Mrs. Rankin's right to recover the lands; and set up, among other things, the amount paid by the purchaser at the sale under the first decree of the chancery court for the property and for taxes, and the value of improvements and betterments made by them and their grantor, alleging that McDonald and defendants holding under him were *bona fide* occupants under color of title. The chancery court, finding that McDonald purchased the lands at a sale under the first decree, and that the decree, though erroneous, was not void, found that he acquired a valid title to the lands against all parties to the suit, and denied the relief prayed for by Mrs. Rankin; and, consequently made no order in regard to rents and profits, improvements and return of purchase money. On appeal this court reversed this the second decree, but made no order as to the rights of parties to return of the proceeds of the sale, rents of lands and improvements thereon, or other questions consequent on the recovery by Mrs. Rankin, on the ground that

they were undetermined by the chancery court, and this court was without sufficient information to do so; and left that, if necessary, to be done by the lower court.

Upon the filing of the mandate of this court, after the last reversal, defendants filed an amendment to their answer to the supplemental complaint; and the chancery court set aside the sale to McDonald, and rendered a decree in favor of Mrs. Rankin against the defendants for the lands in controversy, and ordered that an "account be taken of the value of the improvements made and the amount of the taxes paid on said land by the defendants and those under whom they claim, and also that an account be taken and stated of the rents and profits of the land and the amounts expended in keeping the lands and improvements in proper and suitable repair," and appointed a special master for that purpose, and refused to order the lands to be restored to the possession of Mrs. Rankin until the master made his report.

Mrs. Rankin thereupon filed in this court a petition for a writ of mandamus, in which she asks that John Fletcher, special chancellor of the Woodruff Chancery Court, the respondent, be directed to enter a decree in this cause restoring the immediate possession of the lands to Mrs. Rankin, and directing that the rents and profits and improvements be adjusted in a manner consistent with the opinion of this court heretofore rendered.

It was the duty of the chancery court to determine the rights of parties to value of improvements, rents and profits, and return of proceeds of sale of lands received by Mrs. Rankin, this court having expressly declined to do so and left so much of the case undisposed of and left it to be determined by the chancery court. If, in attempting to discharge this duty, the court erred, petitioner's remedy is appeal or writ of error, and not mandamus.

"The judicial discretion of inferior courts can not be controlled by mandamus." *Lowe* v. *Walker,* 77 Ark. 101, and cases cited. It can not be used where appeal or writ of error affords an adequate remedy to correct the judicial errors committed by an inferior court in the progress of a cause; can not be used to perform the office of an appeal or writ of error. Ex parte *Williamson,* 8 Ark. 424; Ex parte *Perry,* 102 U. S. 183; Ex parte *Baltimore & Ohio Railroad Company,* 108 U. S. 566; *People* v. *Garnett,* 130 Ill. 340; *State* v. *Marshall,* 82 Mo. 484; *State* v.

*County Court of Platte County,* 83 Mo. 539; *Marshall* v. *Strane,* 35 Iowa, 445; *State* v. *Board of Supervisors of Sheboygan County,* 29 Wis. 79.

Petition denied.