CARR v. STATE,

Opinion delivered November 1, 1909.

1. SUPREME COURT—SUPERVISORY JURISDICTION—AUTHORITY OF JUDGE.—Const. 1874, art. 7, § 4, giving the Supreme Court superintending control over inferior courts and power to issue writs of error, supersedeas, certiorari, habeas corpus, prohibition, mandamus, and quo warranto, and other remedial writs, and impowering the judges severally to issue any of the aforesaid writs, does not authorize a judge of the Supreme Court to review, on certiorari, the decision of a circuit judge denying bail. (Page 587.)

2. BAIL—REVIEW OF PROCEEDING.—In a capital case where the evidence leads to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he will probably be punished capitally if the law is administered, the judgment of the circuit judge or court denying bail to him should be affirmed on appeal. (Page 588.)

Certiorari to Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*W. H. Pemberton, F. T. Vaughan,* and *Palmer Danaher,* for petitioner.

Ordinary rules of law do not apply to applications for bail. 39 Ark. 126. The authority given to a judge of the Supreme Court to issue the writ of habeas corpus carries with it the right to hear and determine the same. 40 Ark. 507; 15 S. W. 850; 40 S. W. 650. Section 3834, Kirby's Digest, provides that writs of habeas corpus may be issued by the judges of the Supreme Court, chancery and circuit courts. Nothing is said about the right to "hear and determine," yet it would hardly be contended that they have not this right. A statute granting a power grants everything necessary to make the grant effectual. 40 S. W. 650. As to inherent powers of judges in vacation, see 32 Wash. 50; 72 S. W. 539. The order of Judge Wood is not appealable nor subject to review. 40 Ark. 507; 27 Am. Rep. 218; 9 Am. St. Rep. 816; 83 Am. Dec. 292; 98 *Id.* 404.

Waiving all other questions, appellant is entitled to bail because the "proof is not evident or the presumption great." 39 Ark. 126; 75 Ark. 246; 59 Ark. 132; 69 Ark. 649; 67 Ark. 594; 76 Ark. 515; 24 Ark. 275; 54 S. W. 587; 20 S. W. 983; 38 S. W. 770; 15 S. W. 173; 10 L. R. A. 847; 5 Am. Dec. 706. When there is both passion and provocation, an unlawful killing is only manslaughter. 70 Ark. 278; 82 Ark. 97. If it be clear that appellant is guilty of murder, but there is a doubt as to the degree, he is entitled to bail. 85 Ark. 357; 76 Ark. 515.

*Roy D. Campbell,* Prosecuting Attorney, and *Lewis Rhoton,* for respondent.

BATTLE, J. George Carr was accused of, and arrested and imprisoned for, murder in the first degree, committed by the killing of Adolph Topf in Pulaski County, in this State, on the 5th day of June, 1909. He applied to Robert J. Lea, Judge of the Pulaski Circuit Court, to be admitted to bail, which was refused. On the second day of September, 1909, he applied to CARROLL D. WOOD, an Associate Justice of this court, for a writ of certiorari to bring up for revision a transcript of all the proceedings before the circuit judge, Robert J. Lea, including the evidence heard by him, to the end that he might be admitted to bail if he be entitled to it. Upon examination of a transcript of such proceedings and evidence, which was admitted by the parties to be a true and correct record, and upon waiver of the writ of certiorari, Mr. Justice WOOD allowed him bail in

the sum of $7,500. This record is now before us to determine whether the circuit judge erred in refusing to grant bail.

The first question we shall consider is, what is the force and effect of the order of Mr. Justice Wood admitting the prisoner to bail?

Section four of article seven of the Constitution provides: "The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error, and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and other remedial writs; and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs."

In Ex parte *Good,* 19 Ark. 410, this court held that, in the exercise of its constitutional power of superintending control over inferior tribunals, it could review, on certiorari, the decision of a circuit judge refusing bail, and indicated the proper mode of practice of bringing the decision before it for review. This decision was approved in Ex parte *Kittrell,* 20 Ark, 500, and Ex parte *Harbour,* 39 Ark. 126.

The circuit judge had the power in this case to admit the prisoner to bail or refuse it. The authority to review his order or judgment refusing it or set it aside is supervisory, and is vested exclusively in the Supreme Court. No appellate or supervisory jurisdiction is invested in any of its judges. They have the authority to issue certain writs in aid of the appellate and supervisory jurisdiction of the Supreme Court; and for that purpose, and subject to the restrictions prescribed by law, can issue them to stay temporarily proceedings on the judgment appealed from for its enforcement, to preserve the *status in quo* of the parties pending the determination of the appeal, and for the purpose of protecting the jurisdiction and making the judgment of the court effective when rendered, but not to reverse, modify or affirm the judgment of the inferior tribunal. In the

exercise of the jurisdiction of this court no less than three of its judges can make an order affecting an order or judgment appealed from. It is obvious that one judge has not the power of three, nor in the vacation of the court can exercise its jurisdiction.

The Legislature once attempted to vest a judge of this court with the power to compel a judge of the circuit court, or any circuit court, by a writ of mandamus, to grant an injunction after he or it has refused an application for such relief. This was the effect of an act entitled "An act to regulate the practice in suits for injunction and for the appointment of receivers," approved March 23, 1881. In Ex parte *Batesville & Brinkley Railroad Company,* 39 Ark. 82, this court held that the Legislature could not vest a judge of this court with such power. Judge Smith, delivering the opinion of the court, said: "So far as it (act of March 23, 1881) authorizes a single judge of this court to review the chancellor's decision, the act is certainly unconstitutional; because the concurrence of two judges is in every case necessary to a decision; and it is the court, and not the individual members thereof, that is impowered to hear and determine mandamus and other remedial writs." Mandamus is one of the writs the Constitution authorizes the judges of the Supreme Court to issue. What is said of it is true as to the other writs mentioned in the Constitution in the same connection.

The order of Mr. Justice WOOD granting bail is without authority and of no effect.

Did the circuit judge commit a reversible error in refusing to grant bail? The Constitution provides: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption is great." In Ex parte *Good,* 19 Ark. 410, 416, this court held that the power of revising the action of a court or judge refusing bail should be cautiously exercised, and that the decision of the court or judge "should not be overturned except in cases of manifest error." In Ex parte *Jones,* 20 Ark. 9, and Ex parte *Bird,* 24 Ark. 275, Ex parte *Good* was approved, but the court said we should "not lose sight of the humane principle of the law that requires every reasonable doubt to go to the

benefit of the prisoner." We should also not lose sight of the provision of the Constitution which declares that persons shall not be bailable in capital cases "when the proof is evident or the presumption is great," and the object of bail, which is to secure the attendance of the prisoner.

In cases where it will not in all probability be sufficient for that purpose it should be denied, and that is in capital cases where the proof is evident or the presumption great. In such cases the temptation to forfeit the bail in preference to endangering life by a trial might be beyond resistance. Hence in cases like this we should consider the evidence heard by the circuit judge as a whole and the reasonable doubt that the prisoner will be entitled to on a trial, and if, so considering, we find that "the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he will probably be punished capitally if the law is administered," the judgment or order of the circuit judge or court denying bail shall be affirmed, and, if otherwise, should be reversed.

Guided by the foregoing test and the fact that the circuit judge was present when the witnesses in the case were examined, and was more competent to judge of the credit that should be given to their statements than this court can be upon the record before it, we affirm the judgment or order of the judge denying bail. A warrant for the arrest and imprisonment of the accused, if at large, may be issued and executed.

WOOD, J., dissents.