PARNELL *v.* STATE.

4338                                176 S. W. 2d 902

Opinion delivered January 17, 1944.

*Fred M. Pickens,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J.  Appellant, Hubert Parnell, on October 15, 1943, was charged with the crime of murder in the first degree, committed by the fatal shooting of Harry Henderson, town marshal of Bradford, White county, Arkansas. He was committed to jail without bail, (§ 3750, Pope's Digest) by a justice of the peace of White county, there to await the action of the circuit court.

On the 16th day of October, by petition to the White circuit court, appellant was granted a writ of *habeas corpus* and after hearing before the court, at which many witnesses testified on behalf of the petitioner and the state, bail was denied.

Appellant has, by certiorari, brought to this court a transcript of the proceedings in the court below, to the end that the order of the court, refusing bail, might be reviewed here.

Appellant argues that the action of the trial court "in refusing to grant the petitioner bail was arbitrary and was not supported by the proof introduced on said petition," and that the court erred in denying bail.

On application for bail, for a capital offense, such as is presented here, our Constitution, (art. II, § 8) provides that the application will be denied "when the proof is evident or the presumption great." In considering the evidence to determine whether the guilt of the accused is "evident or the presumption great," the judge of the court, who hears the testimony and observes the demeanor of the witnesses, while on the stand, is in a much better position to judge of the credit that should be given their statements than this court could possibly be. Unless it should appear to this court from a review of the evidence presented that there has been an abuse of discretion in denying bail, or that the trial court has acted arbitrarily in the matter, we should not disturb the order denying bail.

In the case of *Carr* v. *State,* 93 Ark. 585, 122 S. W. 631, in an opinion by Judge BATTLE, this court said: "Did the circuit judge commit a reversible error in refusing to grant bail? The Constitution provides: 'All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption is great.' In *Ex parte Good,* 19 Ark. 410, 416, this court held that the power of revising the action of a court or judge refusing bail should be cautiously exercised, and that the decision of the court or judge 'should not be overturned except in cases of manifest error.' In *Ex parte Jones,* 20 Ark. 9, and *Ex parte Bird,*

24 Ark. 275, *Ex parte* Good was approved; but the court said we should 'not lose sight of the humane principle of the law that requires every reasonable doubt to go to the benefit of the prisoner.' We should also not lose sight of the provision of the Constitution which declares that persons shall not be bailable in capital cases 'when the proof is evident or the presumption is great,' and the object of bail, which is to secure the attendance of the prisoner. In cases where it will not in all probability be sufficient for that purpose it should be denied, and that is in capital cases where the proof is evident or the presumption great. In such cases the temptation to forfeit the bail in preference to endangering life by a trial might be beyond resistance. Hence in cases like this we should consider the evidence heard by the circuit judge as a whole and the reasonable doubt that the prisoner will be entitled to on a trial, and if, so considering, we find that 'the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he will probably be punished capitally if the law is administered,' the judgment or order of the circuit judge or court denying bail should be affirmed, and, if otherwise, should be reversed.''

Guided by the above principle of law, and after a careful review of the testimony presented, we conclude that the judgment or order denying bail should be affirmed, and it is so ordered.