STATE, EX REL. PILKINTON, PROSECUTING
ATTORNEY, v. BUSH, JUDGE.

4-8189                                          198 S. W. 2d 1004

Opinion delivered January 27, 1947.

*James H. Pilkinton* and *Philip G. Alston,* for petitioner.

*Shaver, Stewart & Jones,* for respondent.

Robins, J. A petition has been filed in this court by Honorable James H. Pilkinton, prosecuting attorney of the eighth judicial circuit of Arkansas, asking us to grant a writ of mandamus against the respondent, Honorable Dexter Bush, judge of that circuit, commanding him to approve the appointment of Mr. Henry Woods as deputy prosecuting attorney of Miller county.

It is alleged in the petition that the appointment has been duly made by petitioner, that the appointee is

duly qualified for the position, and that the respondent has arbitrarily and without good reason refused to approve the appointment. The respondent has answered, asserting that he had the right; without giving any reason, to approve or disapprove the appointment, but denying that he had acted arbitrarily and alleging that the appointee was not qualified for the position to which he had been named. The respondent also challenges the availability of the writ of mandamus in the instant case.

The authority of prosecuting attorneys to appoint deputies is found in § 10884 of Pope's Digest as follows: "Except as otherwise provided, the Prosecuting Attorneys of the several Judicial Circuits of this State may appoint one deputy in each of the several counties composing their circuits; provided, that such appointment shall not take effect until approved, in writing, by the judge of the Circuit Court of such circuit, which approval shall be filed in the office of the Clerk of the Circuit Court of the county for which such deputy is appointed; . . ."

The legislature did not intend that the duty imposed on a circuit judge in connection with the appointment of a deputy prosecuting attorney should be a merely formal or ministerial one. The word "approved," as used in the statute, connotes the exercise of discretion on the part of the judge.

"The very act of approval, unless limited by the context of the statute providing therefor, imports the act of passing judgment, the use of discretion and a determination as a deduction therefrom." *Fuller* v. *Board of University and School Lands*, 21 N. D. 212, 129 N. W. 1029. See, also, *Baynes* v. *Bank of Caruthersville* (Mo. App.), 118 S. W. 2d 1051; *People* v. *Hall*, 140 Calif. Supp. 745, 31 P. 2d 831; *Key* v. *Board of Education of Granville County*, 107 N. C. 123, 86 S. E. 1002; *Melton* v. *Cherokee Oil & Gas Company*, 67 Okla. 247, 170 Pac. 691; *In Re Robinson's Will (Henneman v. Robinson)*, 218 Wis. 596, 261 N. W. 725.

The circuit judge is a member of the judiciary and his duties and powers are judicial. We held in the case

of *Oates* v. *Rogers,* 201 Ark. 335, 144 S. W. 2d 457, that the legislature could not vest in a circuit judge or chancellor a non-judicial duty. In that case we were considering the validity of an Act of the General Assembly creating the office of tax collector in counties having a population of 125,000 and an assessed valuation of real and personal property of $50,000,000 or more. The Act authorized the appointment of the collector by the judges of the circuit, chancery and county courts, and we held that this Act was unconstitutional because ''the nature of the act of appointment is essentially non-judicial, and therefore not to be exercised by circuit and chancery judges . . .'' So, if the power of the circuit judge to pass on the appointment of a deputy prosecuting attorney may be upheld, it must be sustained on the theory that the power conferred is judicial in its nature.

Since the function of the judge in this matter is a judicial one, some discretion as to the approval of the appointment is necessarily vested in the judge, and, this being true, his action relative thereto cannot be controlled by mandamus. *Gunn's Adm'r.* v. *County of Pulaski,* 3 Ark. 427; *Williamson, Ex Parte,* 8 Ark. 424; *Hutt, Ex Parte,* 14 Ark. 368; *Johnson, Ex Parte,* 25 Ark. 614; *Hays, Et Al., Ex Parte,* 26 Ark. 510; *McMillen, Et Al.,* v. *Smith, Et Al.,* 26 Ark. 613; *County Court of Union County* v. *Robinson, Trustee,* 27 Ark. 116; *Willeford, Et Al.,* v. *State Ex Rel.,* 43 Ark. 62; *Rankin* v. *Fletcher,* 84 Ark. 156, 104 S. W. 933; *Maxey* v. *Coffin,* 94 Ark. 214, 126 S. W. 729; *Nixon* v. *Grace,* 98 Ark. 505, 136 S. W. 670; *Jackson* v. *Collins,* 193 Ark. 737, 102 S. W. 2d 48.

The power of the circuit judge being judicial, it is not absolute; and he does not have the right to refuse, without any valid reason, to approve an appointment of this kind. If he had such absolute power it would mean that the circuit judge might, in all cases, bring about the appointment of one selected by him, or, in event of the refusal of the prosecuting attorney to meet the judge's wishes, prevent any appointment whatever. We think the legislature meant to vest the power in the prosecuting attorney to make this appointment, subject

to the right of the circuit judge to refuse to approve such appointment when there is a good reason—such as moral unfitness or lack of proper training of the proposed appointee—for doing so.

Furthermore, since the authority vested in the circuit judge by the above quoted statute is a judicial one, his action is subject to review by this court, even though the proceeding relative to the appointment is before the judge and not the court. *Jackson, Ex Parte,* 45 Ark. 158; *State ex rel. Arkansas Industrial Company* v. *Neel,* 48 Ark. 283, 3 S. W. 631; *State ex rel. Attorney General* v. *Williams,* 97 Ark. 243, 133 S. W. 1017; *Bowden* v. *Webb,* 116 Ark. 310, 173 S. W. 181; § 4, Art. VII, Constitution of Arkansas.

It follows from what has been said that the writ of mandamus, as prayed for herein, must be denied, but without prejudice to the right of the petitioner again to present to respondent, for his action thereon, the appointment herein involved, whereupon the respondent should, if the propriety of the appointment be questioned, hear any testimony as to the fitness of the appointee that may be offered; and final action of the respondent in the premises to be subject to review by this court on *certiorari* proceedings. It is so ordered.

Mr. Justice McFaddin not participating.