FIKES *v.* STATE.

4721                                   251 S. W. 2d 1014

Opinion delivered October 27, 1952.

*Cole & Epperson,* for appellant.

*Ike Murry,* Attorney General and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The information charged murder in the first degree and the defendant admitted she killed Robert Coleman by stabbing him with a butcher knife. In the application for bail the only witness was Joe W. McCoy, the prosecuting attorney. The defendant had told McCoy how the killing occurred, but claimed self-defense, and McCoy as a witness called by the accused undertook to repeat in substance what Annie Mae had said. It was the trial court's view that a jury could find that the ingredients of first degree murder were present, hence bail was denied. In an application to review by *certiorari* counsel for the defendant contends that the state's testimony did not meet the test of Art. 2, § 8, of the Constitution which prohibits bail in capital cases where the proof is evident or the presumption great.

In an application for bail the trial court's determination will not be disturbed unless there was an abuse of discretion. *Parnell* v. *State*, 206 Ark. 652, 176 S. W. 2d 902.

When, as here, the homicide is admitted, and the information charges first degree murder, the burden is on the defendant to offer testimony showing that the proof is not evident or the presumption great. In short, the official accusation is sufficient to justify the sheriff or other custodian of the prisoner to retain that custody until by court order a status consonant with the intent of the constitutional provision is established.

In the case at bar the petitioner-defendant sought to bring herself within the exception by compelling the prosecuting attorney to repeat what she had told him. The court had a right to consider the credibility of what the defendant was alleged to have told the prosecuting attorney, and to regard as self-serving any portion of the testimony excusing the homicide. We are therefore unable to say that judicial discretion was abused.

A *per curiam* order was made September 29th overruling the petition's prayer for bail, and this opinion will be treated as having been concurred in as of that date.