HAMMOND v. KIRBY, JUDGE.

5-2476

345 S. W. 2d 910

Opinion delivered May 8, 1961.

*Thad D. Williams,* for petitioner.

*J. Frank Holt,* Attorney General, by *Thorp Thomas,* Asst. Attorney General, for respondent.

ED. F. McFADDIN, Associate Justice. This is an original proceeding in which the petitioners seek a writ of mandamus to compel the Honorable William J. Kirby, Judge of the First Division of the Pulaski Circuit Court, to forthwith set their cases for trial. The Attorney General, representing the State, waived time in which to answer and entered the appearance of the State, and the matter was presented orally before the Court without delaying the hearing for the preparation of briefs. We recite as facts the admissions and statements made by counsel for opposing sides in the oral argument before this Court.

The three petitioners were arrested and committed to jail on March 23, 1961, charged with the crime of rape (§ 41-3401, Ark. Stats.). The terms of the Pulaski Circuit Court are the First Monday in March and the Fourth Monday in September (§ 22-310, Ark. Stats.). By law, all criminal cases in Pulaski County are tried in the First Division of the Pulaski Circuit Court, unless otherwise assigned by consent of the Judges (§ 22-327, Ark. Stats.); and there is no claim of such consent in the case at bar. The petitioners have not been admitted to bail, and their attorney frankly told this Court that bail was not in issue, despite some language in the petition.[1] The petitioners insist that they want an imme-

---

[1] Petitioners' attorney was informed that the procedure for bail would be by petition for writ of *habeas corpus* in the Trial Court and then by *certiorari* to this Court (*Parnell* v. *State,* 206 Ark. 652, 176 S. W. 2d 902; and *Fikes* v. *State,* 221 Ark. 81, 251 S. W. 2d 1014). Petitioners' attorney admitted this and frankly stated that any language in the petition regarding bail should be stricken, as bail was not desired at this time.

diate trial on the merits, in the First Division of the Pulaski Circuit Court, and they claim that such trial is being denied them. The petitioners' attorney admitted that if they should be brought to trial at the present time, they would immediately move to quash the jury panel of the First Division of the Pulaski Circuit Court on the claim of systematic exclusion of Negroes. The basis of such motion would be the present holding of the United States Circuit Court of Appeals of the Eighth Circuit in the case of *Bailey* v. *Henslee*, 287 F. 2d 936.

The decision of the United States Circuit Court of Appeals in the *Bailey* v. *Henslee* case is responsible for all of the delay that has occurred. In that case, the conviction of Bailey was set aside on the claim that there had been deliberate exclusion of Negroes on trial juries in the First Division of the Pulaski Circuit Court; and the decision indicated that the omission of Negroes from the jury panels of the Second and Third Divisions of the Pulaski Circuit Court might have some bearing.[2]

Petitioners insist that they want a speedy trial as guaranteed under the Constitution; but they frankly confess that if they were called to trial, they would delay the trial by motion to quash the jury panel. Should their motion to quash the jury panel of the First Division be granted, then the Circuit Court, in the exercise of discretion, could postpone the trial of petitioners until a new jury panel could be obtained either at the present or at the next term, which is in September, 1961.

Furthermore, Judge Kirby, as the presiding Judge of the First Division, has no control whatsoever over

[2] Here are two pertinent excerpts from the opinion of the United States Circuit Court of Appeals in the Bailey case, delivered on March 17, 1961:

"We mention only that there has been Negro representation, at least since 1952, on the regular panels of the First Division; that there has been no (or, at the most, one) instance of Negro representation on the alternate panels; that there is no positive evidence of any Negro representation on the special panels; that since 1939 no Negro has served on any panel in the Second and Third Divisions; . . .

"Since 1939 no Negro has ever served on any kind of panel, regular, alternate or special, in the Second or Third Divisions of the Pulaski County Circuit Court. A fact of this kind, as has been noted above, would support a conclusion that a *prima facie* case of discrimination in the selection of juries in these civil divisions has been established."

the Jury Commissioners of the Second or the Third Division of the Pulaski Circuit Court. Each Court selects its own Jury Commissioners (§§ 39-201, 22-318, Ark. Stats.). So far as concerns Jury Commissioners and the selection of jurors, the three Divisions of the Pulaski Circuit Court are as separate of each other as though they were in different counties. If Judge Kirby should quash his present jury panel on motion of the petitioners, and the Jury Commissioners should bring in a new jury panel with a great preponderance of Negroes, still the petitioners could move to quash the new jury panel because there had been no Negroes on the panels in either the Second or Third Division of the Pulaski Circuit Court, which are Civil Divisions.

Until the language of the Circuit Court of Appeals in the Bailey case can be clarified, either by that Court or by the Supreme Court of the United States, Judge Kirby has delayed until September the trial of these petitioners — after their attorney had indicated they were going to move to quash the jury panel—in order to prevent the doing of a useless thing, *i. e.,* quashing the present jury panel, which would result in continuing the cases until the September Term. We issue a writ of mandamus to require a court to *act,* but not to control its *discretion. State ex rel., Pilkinton* v. *Bush,* 211 Ark. 28, 198 S. W. 2d 1004; *Better Way Life Ins. Co.* v. *Graves,* 210 Ark. 13, 194 S. W. 2d 10. In *Barney* v. *Texarkana,* 185 Ark. 1123, 51 S. W. 2d 509, we said: ". . . the writ of mandamus does not issue as a matter of absolute right, and it would be an improper use of the writ to issue it when it is clearly apparent to the Court to which the application is made that it would serve no purpose and would be useless when issued." The petitioners cannot expect us to issue a writ of mandamus to require a trial when they frankly state that as soon as they are called for trial they will move to quash the jury panel, which would result in the Trial Judge exercising discretion to continue the cases to the September Term.

The petition for writ of mandamus is denied at this time.