## HUMPHRIES ET AL. V. STATE.

BAIL BOND: ——— ——

It is no objection to the validity of a bail bond that there is no order on the record
for the issuance of a bench warrant on which the party is arrested.  Nor is a
bail bond void because it is the joint bond of two or more defendants for the
same sum that was required of each of them for bail, by the order of the
judge endorsed upon the indictment.

APPEAL from *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*Dooley*, for appellants.

*Henderson*, Attorney-General, *contra*.

ENGLISH, C. J.:

At the March term, 1876, of the Circuit Court of Arkansas
county, James W. Collins and David Collins were jointly
indicted for stealing a mare.

On the day that the indictment was returned into court by
the grand jury (29th March), the presiding judge made the
following endorsement upon it:

"Bail will be received in this case in the sum of $500 each.

"JOHN A. WILLIAMS, Judge."

On the same day a capias was issued by the clerk for the
arrest of the parties accused, in the form prescribed by the
statute (*Gantt's Digest*, Sec. 1808), upon which the clerk
made the following endorsement:

"The defendants may give bail in the sum of $500, and the
same may be taken by the sheriff of the county in which they
are taken, or by the sheriff of Arkansas county."   Signed by
the clerk.

The sheriff of Arkansas county, to whom the writ was deliv-
ered, arrested the defendants on the 30th of March, 1876, and
on the next day they executed a joint bail bond in the penal
sum of $500, with Zach. Humphries, John H. Barker, and

William Garrison as the sureties, conditioned that they would appear in the Circuit Court of Arkansas county on the first day of the following September term, etc., to answer the indictment, etc.; and the sheriff duly returned the capias and bail bond.

It seems that on the application of James W. Collins, the venue as to him was changed to the Circuit Court of Jefferson county.

At the March term, 1877, of the Arkansas Circuit Court, David Collins failed to appear, and a forfeiture was entered upon the above bail bond, and an alias bench warrant ordered against him, and a summons issued to his sureties, upon the forfeiture, returnable at the next term.

The alias capias was returned *non est* as to Collins, and the summons was served upon Zach. Humphries and John H. Barker, two of the sureties, and returned not found as to Wm. Garrison.

At the return term, Humphries and Barker answered, setting up the defenses below stated and considered.

At a subsequent term the case was submitted to a jury, and the prosecuting attorney read in evidence the indictment, the bench warrant issued thereon, the bail bond, the entry of forfeiture and the summons, all of which were admitted against the objection of defendants. No other evidence being introduced, the jury returned a verdict in favor of the State for $250. Defendants filed a motion for a new trial, which was overruled, and they took a bill of exceptions. Judgment was entered in accordance with the verdict, and defendants appealed.

The first point of defense made by appellants is that the State failed to show that the court made an order for the issuance of the bench warrant upon which their principal was

arrested, and that therefore the warrant, arrest, and bail bond were void.

The principal was indicted for a bailable felony, and was not in custody or under recognizance when the indictment was found. It would not have been proper, therefore, for the court to have caused to be entered of record, and thereby made public, an order for the clerk to issue a bench warrant for his arrest. *Gantt's Digest*, Secs. 1799, 1800.

The presiding judge endorsed upon the indictment, when it was returned into court, the amount of bail required, and, it must be presumed, ordered the clerk to issue the bench warrant, as required by the statute, ( *Gantt's Digest*, Secs. 1806, 1810), but a prudent judge would hardly announce such order openly from the bench, and direct it to be entered of record, subject to public inspection.

If the parties indicted, on being arrested, had moved to quash the capias on the ground that no order appeared of record for it to issue, the court, of course, would have overruled the motion, and the sheriff would have put them in jail had they failed to give bail.

The second point of defense made is that each of the parties indicted was required by the endorsement to enter into bail in the sum of $500, and that the sheriff accepted a joint bail bond from them in the penal sum of $500 only.

If both of them had made default, there could not have been a forfeiture and judgment for more than the penalty of the bond. On the default of one of them only, the condition of the bond was broken, and there might have been a forfeiture and judgment against appellants for $500, but the verdict and judgment against them were for only $250, which was an error of which they have no cause to complain. *See Gantt's Dig.*, Sec. 1726.

Affirmed.