NIXON *v.* GRACE.

Opinion delivered April 10, 1911.

1. MANDAMUS—DISCRETION.—The discretion of a court cannot be controlled by mandamus. (Page 505.)

2. CRIMINAL LAW—ISSUANCE OF PROCESS.—Kirby's Digest, § 2256, directing the circuit court to issue process upon an indictment being found, is directory merely, and not mandatory. (Page 505.)

Mandamus to Jefferson Circuit Court; *Antonio B. Grace, Judge;* petition denied.

*T. H. Nixon, pro se.*

*Taylor & Jones,* for respondent.

The matter is within the sound discretion of the court and the statute is directory merely. Mandamus will not lie. 66 S. E. 629; 9 Am. Dig. § 61 (b), p. 1883; Kirby's Digest, § 2256; 1 West. Rep. 375; 4 Cent. Rep. 760; 39 La. An. 759; 10 West. Rep. 920; 123 Ill. 227; 3 L. R. A. 778; High, Ex. Rem. (2 ed.) § § 9, 13, 10, 156; 34 Ark. 394; 35 *Id.* 298; 12 Pet. 472; 7 Cowen, 523; 33 Ark. 715; Const. art. 7, § 11; Kirby's Dig. § § 1304, 1324; 34 Ark. 491; 21 *Id.* 331; 24 *Id.* 155; 25 *Id.* 101; 34 *Id* 263; 35 *Id.* 56; 6 *Id.* 401; 33 *Id.* 69; 2 *Id.* 33; 20 *Id.* 456; 12 *Id.* 218; 23 *Id.* 70; 16 *Id.* 32; 23 *Id.* 16, 347.

HART, J. This is a petition for a writ of mandamus to compel A. B. Grace, as judge of the circuit court of Jefferson County, Arkansas, to make an immediate order for process to be issued on certain indictments returned in said court.

Where a court has discretion, it can not be controlled by mandamus. This is conceded by counsel, and is too well settled to require a citation of authority to support it. The statute under which the petition is filed reads as follows:

"Upon an indictment being found, if the defendant is not in custody or on bail, the court shall forthwith make an order for process to be issued thereon, designating whether it shall be

for arresting or summoning the defendant; and if for arresting the defendant, and the offense charged is bailable, the sum in which he may be admitted to bail shall be fixed." Kirby's Digest, § 2256.

This section is a part of chapter 3 of our Criminal Code, entitled "Process on an indictment." Preceding sections of the chapter provide that the process on an indictment consists of writs for arresting or summoning the defendant, and that the process of arrest be issued by the clerk upon the order of the court. Subsequent sections of the chapter prescribe the form of the bench warrant and the summons and that the summons shall only be issued on indictments for misdemeanor, where the court has not ordered a bench warrant to issue. The last section of the chapter, which is section 2264 of Kirby's Digest, contains a provision that the court may, at its discretion, order a bench warrant to be issued on any indictment. Another section of the Code contains a clause that its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its objects. Kirby's Digest, § 7817.

The petitioner contends that section 2256, *supra,* is mandatory, and the respondent insists that it is directory merely. In other words, the petitioner contends that the circuit court must make an order for process to be issued as soon as the indictments are returned into court, and that he has no discretion in the matter. On the other hand, the respondent maintains that this is a matter within the sound discretion of the court.

It is difficult to lay down a general rule which will be a correct test in all cases to determine whether the provisions of a statute are mandatory or directory. In regard to the general rule, Mr. Justice Sharswood of the Supreme Court of Pennsylvania said: "When the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory." *Bladen* v. *Philadelphia,* 60 Pa. 466; *Spencer's Appeal,* 78 Conn. 301, 61 Atl. 1010; *Attorney General* v. *Baker,* 9 Rich. Eq. (S. C.) 521; 2 Lewis' Sutherland, Statutory Construction, p. 1117.

In determining whether the words shall have a mandatory

or directory effect ascribed to them, the purposes of the act, the ends to be accomplished, the consequences that may result from one meaning or the other and the context are to be considered. In the application of these rules to the statute under consideration, we have reached the conclusion that the language, "the court shall forthwith make an order for process to be issued thereon," is not mandatory upon the circuit court, but is directory merely. We are strengthened in this view when we consider that subsequent provisions relating to the same subject are manifestly directory.

In construing this statute, the court has already held that the court may indorse on the indictment, when it is returned into court, the amount of bail required and withhold the order from the records of the court for a time. *Humphries* v. *State,* 33 Ark. 713. If the statute is imperative in its terms, the court could not do that; for it must literally and explicitly obey the mandate of the statute, and has no discretion at all in the matter. It can not be consistently said that its terms are mandatory in part and directory in part. It seems to us that the provisions of the chapter of our Criminal Code on process on indictments, when considered together, prescribe the duties of the circuit court in relation thereto, and direct the manner of the exercise thereof; but do not create a limitation on the power of the circuit court in discharging the duties required of it by the statutes. In other words, as above stated, we hold that the part of the statute directing that "the court shall forthwith make an order for process to be issued thereon" is directory merely, and not mandatory.

It follows that the petition for a writ of mandamus will be denied.

KIRBY, J., dissenting.