# UNITED STATES EX REL. CRUPPER *v.* NEWMAN.

---

STATUTES; STREETS; PARKING; DISCRETION OF COMMISSIONERS.

1. Under an act of Congress providing that the Commissioners of the District of Columbia are authorized and directed to nominate portions of the streets as business streets, and to authorize abutters to use for business purposes such portions thereof as in the judgment of the Commissioners are not needed by the general public, the question as to whether or not a given part of a street is needed by the public is committed to the discretion of the Commissioners, notwithstanding the use of the word "directed" in the act, and their decision that it is cannot be reviewed by the court.

2. An act of Congress authorizing the Commissioners of the District to permit the use, for business purposes, of so much of the streets as they judge may not be needed by the general public, does not limit the public need to a walk or street or to any particular thing, but its need for any public purpose prevents the use of such portion of the street for business purposes.

No. 3126.   Submitted January 9, 1918.   Decided February 4, 1918.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, dismissing a petition for a writ of mandamus to compel the Commissioners of the District of Columbia to publish a certain regulation.           *Affirmed.*

The Court in the opinion stated the facts as follows:

Appellant, Joseph L. Crupper, the relator below, who is engaged in the sale and manufacture of lumber in this city, alleged that for more than thirty years he and his predecessors had been in the possession of the parking—a part of the public property—on Ohio avenue, B street, and Thirteenth street, N. W.; set up an act of Congress which provided "that the Commissioners of the District of Columbia are authorized and directed to nominate portions of streets in the District of Columbia as business streets, and to authorize the use, in such portions of streets, for business purposes by abutting property owners, under such general regulations as said Commissioners may prescribe, of so much of the sidewalk and parking as may not be needed, in the judgment of said Commissioners, by the general public, under the following conditions, namely" (here followed the conditions which are not material); asserted that the Commissioners notified him to vacate the property, and denied his request that they promulgate "a regulation which would carry out the provisions" of the above-mentioned act of Congress, and which would authorize him to continue in the use of so much of the parking as was not needed "in the judgment of said Commissioners by the general public;" averred that there was no part of it needed for that purpose; and prayed for a mandamus requiring the Commissioners to publish the regulation aforesaid and "to execute and enforce" the act of Congress.

The Commissioners answered to the effect that they had made certain regulations, which they claimed were sufficient to satisfy the requirements of the act; that they, after investigation, had determined that material such as the relator's should be removed "from public space as being dangerous to persons traversing the highways, unsightly, and in some cases having a tendency to develop unsanitary conditions;" and, referring specifically to the allegation of the petition that the public did not need the space, said "that in the judgment of the defendants it is for the best interests of the public comfort, health, and convenience, as above set forth, that there should be no further

encroachments upon public space beyond the limits of regulations already in force and above referred to." The cause was submitted on the pleadings, and subsequently the application for mandamus was denied.

*Mr. Frank S. Bright, Mr. Joseph A. Burkart,* and *Mr. J. J. Darlington,* for the appellant, in their brief cited:

*Bate Refrigerating Co.* v. *Sulzberger,* 157 U. S. 1, 33; *B. & O. R. Co.* v. *District of Columbia,* 10 App. D. C. 127; *Bridge Co.* v. *Union Co.* 252 Pa. 255; *Capital Traction Co.* v. *Brown,* 29 App. D. C. 479; *County Comrs.* v. *Mechin,* 50 Md. 45; *Denver* v. *Gardner,* 33 Colo. 117; *District of Columbia* v. *Hazel,* 16 App. D. C. 283; *District of Columbia* v. *Sisters of Visitation,* 15 App. D. C. 307; *Holmes* v. *Building Asso.* 128 Mo. App. 336; *Howes* v. *District of Columbia,* 2 App. D. C. 188, 194; *Jones* v. *Bank,* 17 Colo. App. 179; *Manning* v. *Teleph. Co.* 18 App. D. C. 214, s. c. 186 U. S. 238, 245; *Mayor* v. *Reitz,* 50 Md. 574; *Montclair* v. *Ramsdell,* 107 U. S. 147, 152; *Moore* v. *District of Columbia,* 12 App. D. C. 537; *Nixon* v. *Grace,* 98 Ark. 505; *People* v. *Burns,* 5 Mich. 114; *Platt* v. *U. P. R. Co.* 99 U. S. 5, 8, 9; *Pumphrey* v. *Baltimore,* 47 Md. 146; *Lone Wolf* v. *Hitchcock,* 19 App. D. C. 327; *Smith* v. *Davis,* 22 App. D. C. 298; *State* v. *Taylor,* 208 Mo. 452; *Toland* v. *Sprague,* 12 Pet. 335; *United States ex rel. Humbold S. S. Co.* v. *Interstate Commerce Commission,* 37 App. D. C. 266, affirmed in 224 U. S. 474; *United States* v. *Goldenberg,* 168 U. S. 95, 102, 103; *United States* v. *Graham,* 110 U. S. 219; *Upshur* v. *Police Comrs.* 94 Md. 743; 26 Am. & Eng. Enc. Law, 599, 600, 618.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellees:

This court has decided the District is liable in damages for injuries happening from the fall of lumber piled in the streets (*Smith* v. *Davis,* 22 App. D. C. 298), and for obstructions in the parking (*Dotey* v. *District of Columbia,* 25 App. D. C. 234).

A statute saying that the commissioners of the police, upon the request of the park commissioners, are "directed" to detail police for park duty, as the park commissioners may deem necessary, is not directory, but is merely mandatory. *Upshur* v. *Baltimore*, 94 Md. 743, 21 Atl. 958.

It was held to be directory merely, and not mandatory, where it was made the duty of the assembly to enact laws (*Commissioners* v. *Meekins*, 50 Md. 45); a fee required to be paid to the clerk (*Clements Electrical Mfg. Co.* v. *Walton*, 168 Mass. 304, 47 N. E. 103); "shall accept the lowest responsible bid" (*Hoole* v. *Kinkead*, 16 Nev. 220); shall publish an act prohibiting the carrying of weapons (*State* v. *Click*, 2 Ga. 28); shall designate the location of posts of electric line (*Suburban Lighting Co.* v. *Boston*, 153 Mass. 200, 10 L.R.A. 497, 26 N. E. 448); notice of a meeting to be given (*Homes* v. *Loan Asso.* 128 Mo. App. 329, 107 S. W. 1007); "shall make an order for process" (*State* v. *Grace*, 98 Ark. 506, 136 S. W. 670); shall pass an assessment ordinance (33 Colo. 117, 80 Pac. 121); shall issue a mandamus (*Bridge Co.* v. *Union Co.* 232 Pa. 270, 81 Atl. 329); prosecuting attorney shall exhibit information (*State* v. *Taylor*, 208 Mo. 452, 106 S. W. 1026).

In *Railroad* v. *Hecht*, 95 U. S. 168, 170, it is said that "shall" will be construed as "may" as against the government unless the contrary intention is manifest.

Language similar to that of the present statute was construed by the Supreme Court of the United States in *Binney* v. *C. O. Canal Co.* 8 Pet. 201, 210. See also for general principles, *Erhart* v. *Shroeder*, 155 U. S. 124, 128–130; *United States* v. *Thoman*, 156 U. S. 353, 359.

It is not a sufficient reason for the awarding of a mandamus against the Commissioners that the business of the plaintiff at this place will be injured or entirely destroyed. *L'Hote* v. *New Orleans*, 177 U. S. 587; *Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Did the answer, coupled with the undenied allegations of the

petition, state a defense? The act of Congress requires two steps. Stated in the inverse order of the act, they are: First, that the Commissioners determine whether or not a part of a designated business street is not needed in *their judgment* by the general public; and, second, if not, then, and not before, regulations are to be published governing the use of such part by the abutting property owner. Unless they determine that the part is not needed by the public and that the property owner may use it, there would be no occasion for regulations, since there would be no use by the owner to regulate. Whether or not the space or part in question is needed by the public is a question committed by the Congress to the judgment of the Commissioners, and not to the judgment of the courts. It results that the courts cannot say what the judgment shall be. *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. ed. 1074, 23 Sup. Ct. Rep. 698; *Marquez* v. *Frisbie,* 101 U. S. 473, 25 L. ed. 800; *United States ex rel. Dunlap* v. *Black,* 128 U. S. 40, 32 L. ed. 354, 9 Sup. Ct. Rep. 12.

The burden of appellant's argument is that the act vests no discretion in the Commissioners, and that the duty imposed upon them thereby is mandatory. What duty? Perhaps the duty to make regulations after adjudging that the space was not needed by the public; but certainly not the duty to decide, irrespective of their view of the facts, that the space was not needed. That was left to their discretion. The language of the statute itself makes this conclusion inevitable. It says that the Commissioners shall "authorize the use of such portions of streets * * * as may not be needed, in the judgment of said Commissioners, by the general public."

Much stress is laid by appellant upon the word "directed" in the statute. It is said that it is mandatory. Perhaps this is so in so far as it relates to the duty of nominating portions of the streets as business streets, and to authorizing the use of parts thereof under proper regulations after the Commissioners have determined that such use is not needed by the public. But it does not follow that, because the word has an imperative significance in one connection, it has the same significance when coupled with words importing discretion, such as those in the

present case committing to the judgment and discretion of the Commissioners the question as to whether or not a given part of the parking in a street is needed for the public. This is well illustrated by a decision of the Supreme Court of the United States construing the charter of a canal company, which empowered and directed the company to enter into a certain contract. The court held that the word "directed" was permissory, not imperative, saying: "The word, if standing alone, might imply something mandatory to the company; but it must be taken with the context, and the general scope and object of the provision, in order to ascertain the intention of the legislature." *Binney* v. *Chesapeake & O. Canal Co.* 8 Pet. 201, 211, 8 L. ed. 917, 920; see also *Fields* v. *United States*, 27 App. D. C. 433, 440; *Upshur* v. *Baltimore*, 94 Md. 743, 51 Atl. 953; *Clemens Electrical Mfg. Co.* v. *Walton*, 168 Mass. 304, 47 N. E. 102; *Hoole* v. *Kinkead*, 16 Nev. 220; *Nixon* v. *Grace*, 98 Ark. 505, 136 S. W. 670; *State ex rel. Dorian* v. *Taylor*, 208 Mo. 442, 10 S. W. 1023, 13 Ann. Cas. 1058; *Cairo & F. R. Co.* v. *Hecht*, 95 U. S. 168, 24 L. ed. 423. If mandatory, to what part of the duty imposed does it apply,—the duty to decide, or the duty to decide in a certain way? Certainly not the latter.

Having found that, if there is any imperative duty imposed by the act, it arises after the Commissioners have decided that a given part of the parking claimed is not needed, we come to inquire whether they have so decided in the present case. Appellant alleged that no part of the parking in controversy was needed by the public, and insists that the Commissioners so admitted. We do not think they did. But, on the contrary, we think they have decided that it is needed. They say this, in answering the charge of relator that it is not needed by the public: "That in the judgment of the defendants it is for the best interests of the public comfort, health, and convenience, as above set forth, that there should be no further encroachments upon public space beyond the limits of the regulations already in force and above referred to." This is equivalent to saying that they have decided that the space is needed by the public for the purposes indicated, all of which are public purposes.

Appellant reasons as if the statute said that, unless the space desired by him was required for a walk or street by the public, the Commissioners must set it apart for his use. But the statute does not bear that interpretation. It does not limit the public need to any particular thing. If required in the judgment of the Commissioners for parking, beautifying, safety of travelers, or sanitation, it is needed by the general public within the meaning of the statute; and because, as we have said before, the statute commits the decision of the matter to the Commissioners, we have no authority to review their action.

The judgment is affirmed, with costs.          *Affirmed.*