## FULLENWIDER *v.* BANK OF WALDO.

Opinion delivered December 11, 1911.

1. ESTOPPEL—IRREGULARITY IN MORTGAGE SALE.—The maker of a deed of trust conveying personal property may waive any objection to a sale of such chattels made thereunder, either by actively promoting such sale under the power contained in the deed of trust or by acquiescing in such sale being made thereunder. (Page 264.)

2. MASTER—NECESSITY OF DETERMINATION OF MAIN ISSUE.—Before a master should be appointed, the main issue, establishing the rights of the parties, should be first determined, so that definite directions can be given to the master for his guidance. (Page 265.)

3. MORTAGES—SALE BY TRUSTEE—WAIVER OF OBJECTION.—The maker of a deed of trust of personalty with power of sale may waive any objection to a sale made under such power either by promoting a sale or by acquiescing in a sale after it is made. (Page 265.)

4. PARTNERSHIP—ACCOUNTING—WHEN APPOINTMENT OF MASTER UN-
NECESSARY.—Where, in a suit for an accounting, the chancellor deter-
mined that the plaintiff was not entitled to an accounting, it was not
error to refuse to appoint a master to state the account. (Page 265.)

Appeal from Columbia Chancery Court; *James M. Bar-
ker,* Chancellor; affirmed.

*Stevens & Stevens,* for appellant.

1. To render a sale under a mortgage or deed of trust
valid, appraisers must be appointed, as provided by statute,
and they must take and subscribe an oath as therein required.
Kirby's Digest, § 5417. And they must make a written report
of their appraisement and deliver it to the person making the
sale. *Id.* § 5418. The sale of the property must be advertised
in some newspaper having a *bona fide* circulation in the county,
or, if there is no newspaper published in the county, then by
five written or printed notices posted in as many public places
in the county, and in all cases notice must be served upon the
debtor as summonses are served. *Id.* § 4923. And the
debtor must be served with a verified statement of his indebted-
ness. *Id.* § 5415; 92 Ark. 313; 73 Ark. 589.

The burden is upon the mortgage to show that these pro-
visions of the statute have been complied with. 84 Ark.
303; 56 Ark. 134; 70 Ark. 490; *Id.* 507.

2. The price for which the property was sold was so in-
adequate as to amount to a fraud upon appellant. The sale
should be set aside and the appellee Bank of Waldo held to
an accounting for the reckless conversion of the property.
Perry on Trusts, § 602; 38 Ark. 584; 94 Ark. 149.

*W. H. Askew,* for appellee.

1. The evidence shows that the property was duly ap-
praised by three disinterested householders of the county,
appointed for that purpose by a justice of the peace, that they
took and subscribed the oath required by the statute and made
due report of their appraisement in writing. Kirby's Digest,
§ § 5417-18.

In this case, publication of notice in a newspaper, and
service of notice on appellant were not required by the terms
of the deed of trust, itself and were therefore not necessary
or required by the statute, Kirby's Digest, § 4923. The deed

of trust provided only for ten days' notice by publication on the courthouse.    19 Am. St. Rep. (Miss.) 263, 264.

Under the circumstances of this case, as shown in the evidence, an itemized statement before foreclosure was not only not required, but could not have been given to appellant, he having left the county and abandoned the property, and it going to waste.    65 Ark. 316, 318.

2.    Fraud will not be presumed, but the burden is upon the party alleging it to establish the charge by proof.    If for any reason stated by appellant the sale was not valid as a public sale, it would still, under a provision in the deed of trust, be valid as a private sale; and unless appellant could show fraud, bad faith or collusion, he would be in no position to complain of the trustee or mortgagee.    9 Am. Dec. 315; 55 Ark. 326, 327.

3.    The testimony shows that the property sold for a fair price; but where the sale under a deed of trust is otherwise fair, mere inadequacy of price will not raise a presumption of fraud nor justify setting it aside.    47 Ark. 515, 518; 44 Ark. 502, 503; 91 Ark. 328, 334.

4.    The second sale was not invalid by reason of the fact that the trustee delegated another to conduct the sale.    It was done with the knowledge and consent of appellant, and the trustee ratified the action of Hendricks who conducted the sale. 19 Am. St. Rep. 263; 56 Ark. 130, 134; 71 Ark. 484; 80 Ark. 15.

FRAUENTHAL, J.    This was a suit instituted by D. H. Fullenwider, plaintiff below, seeking the dissolution of a partnership between him and the defendant J. F. Blake, and also a judgment against the defendant Bank of Waldo for the value of certain personal property which he alleged had been illegally sold under the power in a deed of trust executed by the partnership to it.    The complaint alleged that plaintiff and said Blake had entered into a partnership for the purpose of carrying on a sawmill business, and that they had executed a deed of trust conveying all the firm property to a trustee in order to secure certain indebtedness due to said Bank of Waldo.    It was further alleged that the plaintiff and said Blake had abandoned the partnership, and that the Bank of Waldo had secured sales of all of said property under said deed of trust; that such sales were not made in compliance with law, and on that account were void.    The complaint sought an accounting by said Bank

of Waldo for the value of said property, and to that end asked the appointment of a master. It also sought the dissolution of said partnership and the distribution of its assets obtained by such accounting from the Bank of Waldo.

It appears that the Bank of Waldo alone made answer. On the final hearing of the cause, the chancellor made findings in favor of said defendant, refused the appointment of a master, and in effect dismissed the prayer of plaintiff's complaint, asking an accounting.

A great amount of testimony was taken in the case, and the chancellor made a detailed statement of his findings of fact. We have carefully examined this testimony, and we can not say that any finding of fact made by the chancellor is contrary to the clear preponderance of the evidence; such findings, therefore, should not be disturbed. From these findings, it appears that about February 1, 1908, plaintiff and said Blake formed a partnership for the purpose of carrying on said sawmill business at Davidson, Ark., under the firm name of "Fullenwider & Blake." On February 3, 1908, they executed a note to the Bank of Waldo in the sum of $1,664.80, bearing interest and due August 3, 1908. In order to secure the payment of this note and all other indebtedness that might be due to said bank at the date of its maturity, they executed to P. H. Alsobrook, as trustee, a deed of trust, conveying to him certain machinery and a number of head of mules and horses, and also the timber they owned. It was provided in said deed of trust that 25 per cent. of all sales of lumber should be applied upon the payment of said indebtedness. The deed of trust also contained a power of sale which authorized said trustee, in case certain defaults were made, to take possession of and sell the property, after giving ten days' notice posted on the courthouse in Nevada County.

The partnership continued in the manufacture of lumber until June 25, 1908, selling lumber to a company engaged in the planing business, and known as the J. C. Love Lumber Company, but failed to apply 25 per cent. of such sales to the payment of the indebtedness to said bank. On that day, the partnership had a large quantity of lumber stacked on its yards, and it was then agreed by the members of said firm, said bank and said lumber company, that said

lumber should be hauled to the Love Lumber Company at its planing plant, and on receipt thereof the Love Lumber Company should pay $6 per thousand, less the cost of the hauling, amounting to $1.50, and that said net payment should be made to the Bank of Waldo. The agreement was carried out, and the total amount of lumber accounted for by the Love Lumber Company. It appears, however, that the firm of Fullenwider & Blake was indebted to the Love Lumber Company in the sum of $246.08, and that said Blake authorized them to retain enough out of the proceeds of said lumber to pay that debt, and to pay the balance thereof to the Bank of Waldo, which was done. Objection to the allowance of that sum by the chancellor is made by counsel for plaintiff, but we are of opinion that the chancellor was warranted in finding from the testimony that one of the members of this partnership, who had the proper power so to do, authorized this payment to the Love Lumber Company out of the proceeds of said lumber, and plaintiff can not legally complain of this action.

On June 30, 1908, said Fullenwider and Blake had a disagreement, resulting in a personal encounter, in which one of the parties was severely injured. From that day, both members of the firm ceased to operate or carry on their partnership business, abandoned the care of the partnership property, and made default under the terms of the deed of trust. Thereafter both Fullenwider and Blake sought said trustee and directed him to take charge of the property conveyed by the deed of trust, sell the same, and apply the proceeds thereof on the indebtedness to the Bank of Waldo. This the trustee did. He advertised to sell the property on August 18, 1908. The chancellor found that the property was duly appraised in manner prescribed by law, and that this sale was advertised in conformity with the provisions of the deed of trust, and the sale made on that date was perfectly valid.

We are of opinion that the evidence also clearly shows that the plaintiff actively engaged in promoting the foreclosure sale under the deed of trust, and at such sale actually bid on the property through an agent and purchased at said sale portions of the property in the name of his wife. At this sale all of the property was sold except the machinery, and each item of property so sold brought more than two-thirds of its

appraised value. The machinery was not sold because no bid made thereon amounted to two-thirds of its appraised value. The proceeds of this sale, less the expenses, were applied on the indebtedness due to the Bank of Waldo, leaving still due and unpaid thereon the sum of $56. In order to obtain the payment of this balance, the trustee advertised to sell the machinery at a second sale. In the meanwhile, three other creditors of the firm of Fullenwider & Blake obtained judgments against them, and writs of garnishment were served thereunder upon said trustee. The chancellor found that thereupon the plaintiff directed and authorized said trustee to sell the remaining property, as he had advertised to do, at said second sale, and out of the proceeds thereof to pay the judgments of said garnishing creditors, after paying the said balance due to the Bank of Waldo.

It appears that on the day of the second sale the trustee was unable to be present in person, and under his direction the sale was made by one A. H. Hendrix, whose action was afterwards ratified by the trustee. The trustee then applied the proceeds of this second sale to the payment of the balance of the debt to the Bank of Waldo, and to the payment of said garnishing creditors and the costs of said suits; and this absorbed the entire proceeds of said sale. The chancellor found that this second sale was invalid as made under the power contained in the deed of trust, because it was not made by the trustee therein named, but by an agent delegated by him; but, as we understand the decree entered by him, the chancellor held that the proceeds of the sale were duly paid in manner authorized and directed by the plaintiff, and that the sale was thereby made effective. He thereupon refused to grant to plaintiff the relief against the Bank of Waldo, and in effect entered a decree dismissing the complaint asking an accounting by it.

It is contended by counsel for plaintiff that said two sales were invalid because certain requirements were not complied with. These alleged irregularities consist in the failure to properly appraise the property, in failing to give notice in manner required by section 5415 of Kirby's Digest, and because the second sale was not made under the personal supervision of the trustee. The chancellor, however, found that proper

appraisement of the property was made, and, as before stated, we think that his finding in this particular is well sustained by the evidence.   We do not think that it is necessary to pass upon the other objections raised to these sales in order to arrive at the proper determination of this case, under the facts adduced in evidence.   From the testimony, the chancellor found that the plaintiff was actively engaged in promoting both of these sales of the property made under the power contained in the deed of trust.   The plaintiff not only directed and authorized the trustee to take the property and make the first sale under said power, but actually made bids upon and purchased property at this sale.   After the first sale was made and the proceeds thereof applied upon the indebtedness due to the Bank of Waldo, there was still a balance remaining unpaid.   With full knowledge of this sale and the manner in which it was advertised and conducted, and of the amount there realized, of its application and the balance due to the bank, he acquiesced in the second sale of the remaining property.   He then by his acts and conduct authorized the trustee to sell the remaining property at this second sale, and directed him to dispose of the proceeds in the payment of said balance due to the bank and the debts of said garnishing creditors.   This the trustee did.   By these acts, we are of the opinion that the plaintiff is estopped from now questioning these sales, and from objecting thereto on account of any alleged irregularity therein.

The maker of a deed of trust to personal property with power of sale may waive any objection to a sale of such chattels made thereunder, and by his acts and conduct estop himself from objecting thereto on account of any irregularity in the conduct thereof.   He may do this by actively promoting such sale under the power in the deed of trust or mortgage, or by acquiescing in such sale being made thereunder.   This, we think, the plaintiff did in this case.   Jones on Chattel Mortgages, § 795;   *Beebe* v. *DeBaum*, 8 Ark. 510;   *Lunsford* v. *Speaks*, 112 N. C. 608.

Nor do we think that the chancellor erred in refusing to appoint a master to state an account between the parties. The necessity for the appointment of a master was dispensed with by the determination made of the main issue involved in the case.   Before a master should be appointed, the main issue,

establishing the rights of the parties, should be first determined, so that definite directions can be given to the master for his guidance. 16 Cyc. 437; *Byrd's Admr.* v. *Belding's Heirs,* 18 Ark. 118; *Hicks* v. *Hogan,* 36 Ark. 298.

In the case at bar, all the property possessed by the partnership was conveyed by the deed of trust. The chancellor determined, first, the rights of the parties in deciding that the property had been duly sold and the proceeds thereof properly applied. The rights of the parties to all of the property which was possessed by the partnership was thus determined. It follows that the aid of a master was wholly unnecessary, and his appointment uncalled for.

Finding no prejudicial error in the decree that was rendered, the same is affirmed.