### VILLAGE CREEK DRAINAGE DISTRICT OF LAWRENCE COUNTY *v.* IVIE.

#### Opinion delivered April 13, 1925.

1. MANDAMUS—JURISDICTION.—Since, by the act creating two separate judicial districts in Lawrence County (Acts 1887, No. 85), the jurisdiction of the county court sitting at Powhatan is coextensive with the county, the superintending control of the circuit court by mandamus over the county court may be exercised by the circuit court sitting in either district, regardless of the place of residence of the county judge.

2.  MANDAMUS—MATTER OF DISCRETION.—Mandamus will not lie to
    control a matter which involves an exercise of discretion.

3.  MANDAMUS—GRANTING CONTINUANCE.—As the matter of grant-
    ing a continuance of a hearing of complaints as to the assess-
    ment of benefits in a drainage district is within the discretion of
    the county court, it will not be controlled unless there is an
    obvious abuse of such discretion; and no abuse is shown where
    such hearing was continud to a definite date, in order that
    a cause pending in the federal court involving certain assess-
    ments in the same district might be determined.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. P. Smith, O. C. Blackford, W. M. Ponder, W. A. Jackson* and *G. M. Gibson,* for appellant.

*W. E. Beloate, John S. Gibson,* and *E. H. Tharp* for appellee.

McCULLOCH, C. J.   Village Creek Drainage District of Lawrence County was created by special statute, authorizing the construction of ditches to drain certain territory in Lawrence County, and the board of commissioners of the district instituted this action in the circuit court for the Eastern District of Lawrence County, to compel the county court to give a hearing upon the assessment of benefits and to reject or confirm the same in accordance with the statute, which provides that, after the assessment of benefits has been made by the commissioners and filed with the county clerk and notice thereof given, "the county court shall consider the assessment of benefits and hear any complaints thereof, and enter its finding thereon, either confirming such assessment or increasing or diminishing the same, so that the several assessments shall be equitable and just."

It is alleged in the petition for mandamus that, prior to September 1, 1924, the board of commissioners of appellant district completed the assessment of benefits, and that notice was duly published of a hearing by the county court on that date; that, on the date mentioned, the county court convened at Powhatan, the county seat of Lawrence County, and then adjourned to the courthouse at Walnut Ridge, in the Eastern District of Law

rence County, and that certain foreign corporations owning lands in the district appeared and, by proper petition and bond, removed the hearing as to their lands to the federal court, and that the county court thereupon postponed the hearings on the assessment of benefits until December 15, 1924; that, on the last-mentioned date, the county court was opened at Powhatan, and was adjourned to the courthouse at Walnut Ridge, at which place the court made an order, over the protest of the commissioners, adjourning the hearings over to January 26, 1925.

It is further alleged in the complaint that, when the county court convened on January 26, 1925, for the purpose of hearing complaints on the assessment of benefits, the court, on motion of certain remonstrants against the assessment, and over the protest of the board of commissioners, postponed the hearing until May 25, 1925. It is also alleged that the reason given by the county court for this order of continuance was to await the action of the United States District Court at Jonesboro. The order of the county court continuing the hearing is exhibited with the complaint, and it recites that the remonstrants against the assessment asked for a continuance on the ground that certain foreign corporations had removed their causes to the federal court, and that the same were to be heard at the May term of the federal court at Jonesboro. The order of the county court granting the continuance does not extend the postponement until the causes in the federal court shall be disposed of, but merely continues the case until a day certain, namely, May 25, 1925.

Appellee, as county judge, appeared in the circuit court and demurred to the petition of appellants, and the court sustained the demurrer and dismissed the complaint, from which judgment of dismissal an appeal has been prosecuted to this court.

Counsel for appellee contend, in support of the court's ruling, that the circuit court for the Eastern District of Lawrence County had no jurisdiction to hear and

determine a petition for a mandamus or other extraordinary writ to the county court which is held at Powhatan, the county seat of Lawrence County, which is located in the Western District.

Under act No. 85 of the General Assembly of the year 1887, Lawrence County was divided into two judicial districts, the Eastern and Western, and authority was granted for holding courts, except the county court, at Walnut Ridge, in the Eastern District, and at Powhatan, the county seat, in the Western District. No mention is made in that statute of dividing the county into districts as to the county court, but, on the contrary, § 17 of act No. 85, *supra,* provides that "as to all matters not within the provisions of this act, the county of Lawrence shall be one entire and undivided county."

The circuit court derives its jurisdiction to hear and determine a petition for mandamus, or other extraordinary writ, to the county court, from § 14, art. 7, of the Constitution, which provides that circuit courts "shall exercise a superintending control and appellate jurisdiction over the county, probate, court of common pleas and corporation courts." Now, as we have already seen, the act dividing Lawrence County into judicial districts for certain purposes does not limit the jurisdiction of the county court sitting at Powhatan, and, as the jurisdiction of the county court sitting there is coextensive with the county, the superintending control of the circuit court may be exercised by that court sitting in either district. The petiton for mandamus is not a suit against a ministerial officer, which must be brought in the county or district where the officer resides, as was the case in *Reed* v. *Wilson,* 163 Ark. 520, relied on by counsel for appellants, but it is one where the superintending control of the circuit court over the county court is invoked, therefore the place of residence of the county judge does not fix the jurisdiction of the circuit court. Our conclusion therefore is that the circuit court for the Eastern District of Lawrence County had jurisdiction.

If the granting of a continuance was a matter of discretion, it must be conceded that the exercise of that discretion will not be controlled by mandamus. *Nixon v. Grace,* 98 Ark. 505.

Our attention is called to the fact that the statute creating the drainage district provides that the county court shall consider the assessment of benefits and hear complaints "on the day fixed for the said hearing." This feature of the statute must be construed to be directory, otherwise the court would have no power to enter an order either rejecting or confirming assessments on any other day. We do not think that the lawmakers intended to limit the exercise of the jurisdiction of the county court to the particular day covered by the notice, and we are of the opinion that the power of the court to continue the hearings from time to time is not restricted. In other words, we think that the matter of postponing the hearings is one of discretion with the county court, and that this discretion is not controlled unless there is an obvious abuse of the power. We are further of the opinion that there is no abuse of discretion shown, for the court continued the hearing to a definite date.

Counsel rely on our decision in *Road Improvement District* v. *Henderson,* 155 Ark. 482, as sustaining their contention that the court had no power to continue for the purpose of awaiting the decision of the federal court. There is a material difference between the facts of this case and the one cited. In that case the chancery court had granted a temporary injunction and then continued the case indefinitely, leaving the injunction in force until there could be a hearing of a cause in the federal court involving the validity of the district. There was no continuance until a definite date, as in the present case, and we held that the effect of the order of continuance was a refusal to exercise the jurisdiction of the court, and a mandamus was granted to compel the chancery court to proceed with the hearing. In the present case the order of continuance made by the county court does not make the exercise of jurisdiction depend upon the action of the

federal court, but merely continues the cause to a definite date, and the fact that the pendency of the hearing in the federal court influenced the decision in granting the continuance does not necessarily constitute an abuse of the court's discretion. There is just this distinction between an indefinite continuance to await the action of another court and a definite continuance to a fixed date.

The circuit court was therefore correct in refusing to grant the mandamus, and the judgment dismissing the petition of appellants is affirmed.