EDMONDSON *v.* BOURLAND.

Opinion delivered July 8, 1929.

*Joseph R. Brown, James B. McDonough,* and *Robert M. Zeppenfeld,* for petitioner.

PER CURIAM: This is an original petition for mandamus by Margaret Agnes Edmondson against Hon. J. V. Bourland, as judge of the Sebastian Chancery Court for the Fort Smith District, to compel him, as such chancellor, to allow her to file an answer and cross-complaint in an action pending in said court, and to file a motion to set aside an appointment of a guardian *ad litem* for her as an insane person.

The record shows that Francis Á. Vaughan, as executrix and trustee of the will of Thomas W. Edmondson, deceased, brought suit in said chancery court to construe said will and to terminate the trust. It was ordered by the chancery court that Margaret Agnes Edmondson, widow of said decedent, be made a party to the suit, to the end that her interest, if any, in said estate be adjudicated. It was claimed that she had elected to take dower in said estate, and had filed her renunciation under the will when it was admitted to probate. She had been judicially declared insane, and a guardian had been appointed for her by the probate court of Sebastian County for the Fort Smith District. A guardian *ad litem* was appointed for her in the suit to construe the will. Margaret Agnes Edmondson, who is now a resident of St. Louis, Mo., through attorneys of her own selection, filed a motion in said chancery court to set aside the ap-

pointment of a guardian *ad litem* for her as an insane
person. The court refused to let her attorneys file said
motion, and also struck from the files of the court an
answer and cross-complaint of said Margaret Agnes Ed-
mondson, which had been filed a few days before by her
said attorneys, on the ground that her defense to the
action could only be made by the guardian *ad litem* ap-
pointed by the court. The court refused to let the at-
torneys selected by said petitioner file an answer or
cross-complaint for her. Said petitioner alleges that the
order adjudging her to be an insane person is not a valid
order; that she is not now an insane person.

Under these circumstances mandamus is a proper
remedy. While it is well settled that a writ of mandamus
will not be allowed to control the judicial discretion of
a trial court, or to require a judicial tribunal to act in
a particular way, there are limitations to the rule, and
it may sometimes be employed to prevent irreparable
injury, as where the remedy by appeal is inadequate.
38 C. J., pp. 608-609.

It is plain that the propriety of the writ must be
determined for each case upon its own peculiar merits.
In the application of the principle in *Ex parte Watters,*
180 Ala. 523, 61 So. 904, the Supreme Court of Alabama
held that the erroneous refusal of the trial court to allow
an amendment to the complaint may be corrected by
mandamus, but that the erroneous allowance of an amend-
ment cannot be reviewed by such proceeding. The court
said that the basis for the distinction must be found in
the varying degrees of injury from the respective errors,
each being equally redressible on appeal. See also *Ex
parte Uppercu,* 239 U. S. 435, 36 S. Ct. 140.

*In re Conoway,* 178 U. S. 421, 20 S. Ct. 951, the
court had under consideration a petition for a writ of
mandamus to the judges of a circuit court of the United
States. The petition for a writ of mandamus alleged that
the circuit court had set aside the service of summons
on a defendant because the action had abated by his

death before the service of process upon him, and because the circuit court acquire none over his executor. In the Supreme Court it was objected that mandamus was not the proper remedy, because it was not a case in which the court refused to entertain jurisdiction. It was claimed that the action was still pending in the circuit court, and would doubtless proceed to final judgment. The Supreme Court said that there could be no final judgment against the original defendant, for he was deceased, and none against the executor, as to the estate he represented, because he had not been made a party to the action. Consequently the Supreme Court said that, if the ruling of the circuit court was erroneous, its judgment could not be redressed by appeal, because there was no one to appeal.

So here the petitioner alleges that the order of the probate court adjudging her to be an insane person was not a valid order, and that she is not now insane. She is claiming an interest in the property embraced in the will, and would not be able to appeal from an adverse judgment if she is not allowed to appear by counsel of her own selection.

The court should allow her to appear by counsel of her own selection, and can still protect her interest by appropriate orders if it shall deem her to be insane. The proceeding is not to control the chancery court in its exercise of a judicial discretion, nor to compel it to rule in a particular way in the trial of the cause, but to prevent an abuse of the discretion of the court. Under the facts stated, the action of the court, so far as the rights of petitioner are concerned, amounted to a refusal to proceed with the case, through an erroneous determination of a preliminary question of practice or procedure. In other words, the action of the court amounted to such an abuse of discretion as that it may be said to have been arbitrary. *State* v. *District Court, etc.*, 38 Mont. 166, 99 Pac. 291, 35 L. R. A. (N. S.) 1098; and High on Extraordinary Legal Remedies, § 151.

We think mandamus was the proper remedy, and direct a writ to issue commanding said chancery court to proceed in accordance with the views herein stated. It is so ordered.