SMITH *v.* SULLIVAN.

4-3885

Opinion delivered April 22, 1935.

860

*M. P. Watkins,* for appellant.
*Maddox & Greer,* for appellee.

BAKER, J.  The appellant, T. L. Smith, filed his petition in the circuit court praying for a writ of mandamus against the county judge, to compel the county court of Poinsett County to appoint the petitioner as county examiner for a period of two years.  Petitioner sets forth that he holds a professional teacher's license and that he is otherwise qualified to hold the office of county examiner.

Petitioner alleged that prior to February 1, 1935, he obtained the written indorsement and recommendation of a majority of the licensed teachers of said county, praying for his appointment as county examiner, and that, upon presentation of his petition, the county court refused to appoint him.  To this petition, filed in the circuit court, the appellee filed a demurrer.  The demurrer was sustained by the trial court, and, upon petitioner refusing to plead further the cause was dismissed.

Upon this appeal it is insisted that under § 3 of act 247 of the Acts of 1933 the county judge was without discretion in the matter of making such appointments, and that the order should have been issued by the circuit court to compel, by mandamus, the county court to appoint the

petitioner. It is argued that the act of appointment was purely ministerial, and therefore the trial court erred in dismissing the petition or complaint. Act 247 was approved March 29, 1933. It provided for the repeal of laws and parts of laws in conflict with it. Act 26 of the Acts of 1933 was approved February 9, 1933. The said act had an emergency clause and became effective on the date of approval.

The two acts are similar in many respects and cover largely the same subject-matter. Each has some provisions not contained in the other and not in conflict with the other as the same relate to matters here considered. That part of act No. 26 not in conflict with the provisions of act No. 247 is not repealed. It is not necessarily true that because acts cover the same subject-matter the later must repeal the first. They may be cumulative. In the controversy here the decisive factors in the two acts are not in conflict. Both of them abolish the county boards of education and the office of the county superintendent of schools. Both provide that, in lieu of the county board of education, the county court shall act in all matters formerly under the control of the county board of education, and that a county examiner shall take the place of the county superintendent of schools.

Section 4 of said act 26 provides that on February 1 and on each odd year thereafter the county judge (probably meaning the county court as provided in act 247) of each county of the State shall select and employ a person to serve as county examiner, but the term of office of the county examiner is not fixed by the act, except it may not exceed two years, nor is the salary or compensation fixed. Section 4 of act 26 provides that he shall be paid a salary not exceeding $600 per annum, or salary and expenses, not exceeding $650.

Section 3 of act 247 of the Acts of 1933, says that the county examiner shall be appointed by the county court, upon recommendation of a majority of the duly licensed teachers residing in the respective counties. But said act 247 does not provide for any length of term for which the county examiner shall serve, nor does it provide for any salary, but in those respects it is not in conflict with

act No. 26 aforesaid. Nor does it attempt to take away from the county court the. exercise of discretion in the appointment or employment of county examiner. While act 247 provides a method for the selection of a county examiner, we must look to act 26 if he is to receive any compensation for his services as there authorized. The length of term of office or employment of the county examiner, and the compensation or salary are within the sound discretion of the county court, and this discretion cannot be controlled by a mandamus issued out of the circuit court. We cannot conceive that the county court would be bound to accept one as a county examiner and appoint such person to act if the county court and the applicant for the position are unable to agree upon the compensation and term of service. This conclusion does not render non-operative the effect of the provision of the statute for the selection, by a majority of the licensed teachers of the county of the candidate or applicant for county examiner.

It must be apparent that in this case the appellant, who says he filed his petition with the county court and was refused an appointment, had an adequate remedy by appeal. *Jones* v. *Adkins,* 170 Ark. 298, 280 S. W. 389; *Edmondson* v. *Bourland,* 179 Ark. 975, 18 S. W. (2d) 1020; *Village Creek Drainage Dist.* v. *Ivie,* 168 Ark. 523, 271 S. W. 4. Mandamus will not lie to control discretion of county court or to correct decision already made. *Watson* v. *Gattis,* 188 Ark. 376, 65 S. W. (2d) 911.

It is true that the petition shows that the appellant had a majority of the teachers of Poinsett County to recommend him for the position he was seeking. It may be equally true—we are not advised—that some other petitioners likewise had a majority. That is not at all impossible and may be highly probable. At any rate, mandamus cannot be used to take the place of an appeal for the review of the action of the county court. The two acts, Nos. 26 and 247, Acts of 1933, and their effect were discussed by this court in a case not very dissimilar from the one under consideration, though somewhat different in form. *Wheelis* v. *Franks,* 189 Ark. 373, 72 S. W. (2d) 231. What we said in the case cited is applicable

here: "When the Legislature clothes any officer or tribunal with the authority to appoint officers for an indeterminate period, that power carries a discretion which the courts cannot invade unless such discretion can be clearly shown to have been arbitrarily exercised. 22 R. C. L. 430. It is not doubted but that, where an office having no fixed term is filled by appointment, the appointing power may fix the term, or it may be held at its pleasure. *Beasley* v. *Parnell,* 177 Ark. 912, 9 S. W. (2d) 10, and cases therein cited."

It must follow that the judgment of the circuit court is correct. It is therefore affirmed.