ARK. STATE HIGHWAY COMM. *v.* LIGHT, JUDGE.

5-2931                                                363 S. W. 2d 134

Opinion delivered December 3, 1962.

[Rehearing denied January 14, 1963.]

*Dowell Anders, H. Clay Robinson* and *Wm. H. Donham*, for petitioners.

*Hale & Fogleman, Rieves & Smith, Spears & Sloan*, for respondents.

GEORGE ROSE SMITH, J. This petition for a writ of prohibition (or a writ of certiorari) involves a construction of Act 115 of 1953, regulating the procedure by which the Highway Commission may deposit estimated compensation in the registry of the court in condemnation cases. Ark. Stats. 1947, §§ 76-534 to 76-541. The particular ques-

tion at issue is the extent of the trial court's power to permit the landowner to withdraw the deposit before trial.

In 1960 the commission filed a proceeding for the condemnation of eight tracts of land in Crittenden county. Upon the filing of the petition the commission deposited $111,300 in the registry of the court, as estimated compensation to the landowners. By various orders of the court the property owners were permitted to withdraw the original deposit from the court's registry. The commission concedes that these withdrawals of the initial deposit were allowed by the statute. Ark. Stats., § 76-537.

Later on the defendant landowners asked the court to increase the amount of the deposit, contending that the commission's estimate had been too low. After a hearing the court directed the commission to deposit an additional $176,200. This was done. On October 15, 1962, the court, over the commission's objection, entered an order permitting the landowners to withdraw the additional deposit.

The commission then filed its petition in this court, asking us to prohibit the circuit court from enforcing the order just mentioned. After a preliminary hearing counsel dropped their insistence that a temporary writ of prohibition be issued; that writ tests only the question of jurisdiction, and the circuit court plainly has jurisdiction over funds that have properly been deposited in its own registry. Instead, counsel now ask that we treat the petition as one for certiorari, as we may do, *Wasson* v. *Dodge*, 192 Ark. 728, 94 S. W. 2d 720, and quash the challenged order as being void for want of statutory authority.

In seeking certiorari the commission maintains that it has no effective remedy by appeal, because after final judgment in the condemnation proceeding the validity of the interlocutory order of distribution may present only a moot question. Even so, certiorari will not lie unless the trial court exceeded its jurisdiction in making the

order. *Brown & Hackney, Inc.*, v. *Stephenson,* 157 Ark. 470, 248 S. W. 556.

We need not speculate whether the absence of statutory authority would render an order such as this one actually void, for in our opinion the court did not exceed the power conferred by Act 115. Sections 3 and 5 of the act permit the commission to acquire title to the land and the right to possession by making a deposit of the estimated compensation. Section 8 allows any landowner who feels aggrieved at the amount of the deposit to ask the court to require the deposit to be increased.

Section 4, which we find to be controlling, reads as follows: ''Upon the application of any party in interest, and upon due notice to all parties, the court may order that the money deposited in the court, or any part thereof, be paid forthwith to the person or persons entitled thereto. If the compensation finally awarded shall exceed the amount of money so deposited, the court shall enter judgment against the State of Arkansas and in favor of the parties entitled thereto for the amount of the deficiency. If the compensation finally awarded shall be less than the amount of money so deposited and paid to the persons entitled thereto, the court shall enter judgment in favor of the State of Arkansas and against the proper parties for the amount of the excess.'' Ark. Stats., § 76-537.

In arguing that the section just quoted applies only to the commission's original deposit and not to any additional amount required by the court, counsel rely mainly upon the sequence in which the sections appear in the act. That is, § 3 permits the commission to make the original deposit at the inception of the case, § 4 empowers the court to order that the money be paid forthwith to the landowners, and § 8 authorizes the court to require that the deposit be increased. It is contended that the legislature would have inserted the provisions of § 8, having to do with the additional deposit, ahead of § 4, having to do with the distribution of the fund in court, if the lawmakers had meant for such an additional de-

posit to be subject to the court's authority to order an immediate withdrawal of the money.

We are not impressed by this argument. The legislature plainly intended for the landowner, in a proper case, to have an immediate right to withdraw the estimated compensation when the full amount was fairly deposited in the first instance by the commission. We can think of no good reason for finding a contrary legislative intent merely because the deposit of full and fair compensation had to be directed by the court.

Moreover, the commission's argument would mean that the legislature, in the first sentence of § 4 of the act, had reference *only* to the commission's original deposit when it was directed that "the money deposited in the court" be paid forthwith to the landowner. Yet the next sentence in § 4 provides for a judgment in favor of the State if the compensation finally awarded exceeds "the amount of money so deposited." Obviously the second sentence refers to the additional deposit as well as to the initial one; so we cannot reasonably declare that the first sentence is not equally comprehensive.

The commission's real concern seems to be that if an excessive amount of estimated compensation should be paid over to an insolvent landowner the commission might later be unable to collect its judgment for the overpayment. It is perhaps a sufficient answer to point out that the trial court evidently has some discretion in the matter, since § 4 of the act permits the court to order a distribution of the money deposited "or any part thereof." In any event, however, this question is not at issue in the case at bar, since an application for certiorari does not involve a review of the trial court's exercise of discretionary authority.

Writ denied.

HARRIS, C. J., and BOHLINGER, J., not participating.

ROBINSON, J., dissents.