STATE OF ARKANSAS, EX REL JOE PURCELL, ATTORNEY GENERAL, ARKANSAS STATE HIGHWAY COMMISSION v. G. D. NELSON, BERRY PETROLEUM COMPANY, ET AL

5-4653                                              438 S.W. 2d 33

Opinion Delivered February 24, 1969

[Rehearing denied April 1, 1969.]

212

*Joe Purcell,* Atty. Gen.; *Les Evitts,* Ch. Dep. Atty. Gen. and *Shaver & Shaver* and *Glassie, Pewett, Beebe & Shanks* for appellants.

*Catlett & Henderson* and *Keith, Clegg & Eckert* and *Mahony & Yocum* and *Smith, Williams, Friday & Bowen* by *Emon A. Mahony, Jr.* for appellees.

JOHN A. FOGLEMAN, Justice.    This appeal was taken from an order in an action originally brought by G. D. Nelson, a citizen and taxpayer, against Berry Petroleum Company, Arkansas Bitumuls Company, Lion Oil, Inc., MacMillan Ring-Free Oil Company, Inc. and Bitucote Products Company.    We held that Nelson had stated a cause of action against the above-named parties.    *Nelson* v. *Berry Petroleum Co.,* 242 Ark. 273, 413 S.W. 2d 46.    After remand each of the defendants answered, denying the allegations of Nelson's complaint and pleading the statute of limitations.    The plaintiff taxpayer then filed a motion asking that he be permitted to proceed without cost to him or any other taxpayer and that the State of Arkansas be required to bear the cost of the proceedings.    Thereafter, the state and its Highway Commission sought permission to intervene, alleging that this action was necessary in order to protect the

interests of the state and its citizens and taxpayers. In response to Nelson's motion, the state, through its Attorney General and the Highway Commission, expressed willingness to assume the prosecution of the cause, which, they said, would obviate the necessity of further cost being borne by Nelson. Permission to intervene was granted.

The intervenors, before filing any other pleading but within the time allowed them for filing their intervention, filed a motion for stay of the proceedings. In this motion, it was alleged that intervenors had filed suits in the United States District Court for Eastern District of Arkansas against the defendants seeking recovery under the Sherman and Clayton Acts for alleged price fixing and allocation of territory by them.[1] As a basis for the stay, the state asserted that, although the causes of action arose out of the same course of conduct by the defendants, recovery of treble damages, attorneys' fees and costs and expenses permitted under the federal laws could not be had in the state action. The court was asked to stay all proceedings by any party until disposition has been made of the cases pending in the federal district court, and to relieve the intervenors of further pleading until they were ordered to do so. The trial court denied the motion, but continued the matter and granted intervenors an additional week for filing their intervention.

This intervention sought recovery from the defendants for an alleged conspiracy to fix prices for asphaltic materials sold to the Arkansas State Highway Department. Answers were filed by the defendants. The complaint of intervenors reasserted the grounds of their motion for stay and added an allegation that the United States District Court had greater familiarity with trials of the issues presented so that the issues could be de-

[1] These suits were filed November 23, 1966, which was subsequent to the filing of this action by Nelson, but before the original appeal was submitted in this court.

termined in that court in a more orderly and less expensive manner than would obtain in the state court. The motion for stay was renewed. After pretrial conferences, the chancery court entered an order on December 5, 1968, denying the motion for stay, appointing a Special Master and requiring the deposit of $5,000 ($2,500 by intervenors and $2,500 by defendants), from which the fees and expenses of the master would be paid as they accrued. Intervenors then filed another motion for a stay of proceedings and a reconsideration of the court's action.

At a subsequent pretrial conference, the chancellor denied the motion for reconsideration. He specifically denied intervenors' request for a stay of proceedings either until disposition of the case in federal district court or until November 1968. Appeal was taken by intervenors from both orders.

The plaintiff Nelson and all defendants joined in a motion to dismiss the appeal on the ground that the orders were not appealable. Appellants then filed a petition for mandamus, or, in the alternative, for prohibition or certiorari, seeking the vacation of the chancery court's orders, and asserting that the court had acted in excess of its jurisdiction and had abused its discretion. We agree that the appointment of a Special Master and the requirement of advance deposit by appellants for costs and expenses of the proceeding were in excess of the court's jurisdiction.

We have recently had occasion to review the situations in which an order of a trial court is appealable. See *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605; *Wright* v. *City of Little Rock*, 245 Ark. 355, 432 S.W. 2d 488; and *Allred* v. *National Old Line Ins. Co.*, 245 Ark. 893, 435 S.W. 2d 104. We find no such finality as would permit an appeal of the chancery court's orders under the standards repeated in those cases.

Appellants rely upon the rule that an appeal lies when a distinct and severable branch of a case is finally determined. We do not think that it can be said that any action by the court relates to a distinct or severable branch of this case. It seems, on the other hand, that each such action is an integral part of the entire proceeding. We recently held that denial of trial by jury and a limitation of the scope of a hearing before a circuit court were not such determinations as would permit review by appeal before final disposition of the case. See *Wright* v. *City of Little Rock, supra.* Each action of the chancery court here is no more a final determination of a severable branch of the case than was the action of the circuit court there.

This does not mean, however, that the actions of trial courts are not subject to review by this court under its its supervisory jurisdiction. Article 7, §4, Constitution of Arkansas. Writs of mandamus, prohibition and certiorari are designed for the appropriate exercise of this jurisdiction, where appellate remedy is unavailable or inadequate.

The primary function of the writ of mandamus is to require an inferior court or tribunal to act when it has improperly failed or declined to do so. *Satterfield* v. *Fewell,* 202 Ark. 67, 149 S.W. 2d 949; *Thompson* v. *Foote,* 199 Ark. 474, 134 S.W. 2d 11; *Hammond* v. *Kirby,* 233 Ark. 560, 345 S.W. 2d 910. It is never applied to control the discretion of a trial court or tribunal. *Smith* v. *Sullivan,* 190 Ark. 859, 81 S.W. 2d 922; *Jackson* v. *Collins,* 193 Ark. 737, 102 S.W. 2d 548; *Hardin* v. *Cassinelli,* 204 Ark. 1016, 166 S.W. 2d 258; *State ex rel Pilkinton* v. *Bush,* 211 Ark. 28, 198 S.W. 2d 1004; *Village Creek Drainage District* v. *Ivie,* 168 Ark. 523, 271 S.W. 4. Nor can it be used to correct an erroneous exercise of discretion. *Jackson* v. *Collins,* supra; *Mance* v. *Mundt,* 199 Ark. 729, 135 S.W. 2d 848, *Mobley* v. *Scott,* 236 Ark. 163, 365 S.W. 2d 122; *Dotson* v. *Ritchie,* 211 Ark. 789, 202 S.W. 2d 603; *State ex rel* v. *City of Marianna,* 183 Ark.

927, 39 S.W. 2d 301; *Jones* v. *Adkins,* 170 Ark. 298, 316, 280 S.W. 389.

*Edmondson* v. *Bourland,* 179 Ark. 975, 188 S.W. 2d 1020, relied upon by appellants, where mandamus was granted, is not applicable here. There we said that a refusal by a trial court to permit a defendant to file a motion to set aside the appointment of a guardian ad litem for her, together with the striking of an answer and cross complaint filed for her by attorneys of her own choice, amounted to an arbitrary refusal to proceed with the case. Mandamus has always been an appropriate remedy in such cases. The utilization of the writ of mandamus in *La Buy* v. *Howes Leather Co.,* 352 U.S. 249, 77 S. Ct. 309, 1 L. Ed. 2d 290, wherein the reference of an antitrust case to a master was corrected, is not authority for such action here. There the federal appellate courts were enforcing the application of their own procedural rules—a factor not involved here. Even so, four members of that court thought the remedy was not appropriate.

The fundamental purpose of the writ of prohibition is to prevent a court from exercising jurisdiction not possessed by it or a power not authorized by law, when there is no other adequate remedy by appeal or otherwise. *Robinson* v. *Merritt,* 229 Ark. 204, 314 S.W. 2d 214; *Harkey* v. *Matthews,* 243 Ark. 775, 422 S.W. 2d 410. It is not available otherwise to correct erroneous action of a trial court. *Bassett* v. *Bourland,* 175 Ark. 271, 299 S.W. 13; *St. Paul-Mercury Indemnity Co.* v. *Taylor,* 229 Ark. 187, 313 S.W. 2d 799; *Wilson* v. *Williams,* 215 Ark. 576, 221 S.W. 2d 773; *Lowery* v. *Steel,* 215 Ark. 240, 219 S.W. 2d 932. It cannot be used as a substitute for appeal or certiorari and is not available to bar proceedings pending in a court if the court has jurisdiction. *Schirmer* v. *Cockrill,* 223 Ark. 817, 269 S.W. 2d 300.

Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. *North Little Rock Transportation Co.*

v. *Sangster,* 210 Ark. 294, 195 S.W. 2d 549; *Burgett* v. *Apperson,* 52 Ark. 213, 12 S.W. 559; *Martin* v. *Hargrove,* 149 Ark. 383, 232 S.W. 596. It is available in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *McCain* v. *Collins,* 204 Ark. 521, 164 S.W. 2d 448; *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605, 33 S.W. 1064; see also *Baxter* v. *Brooks,* 29 Ark. 173. Certiorari lies where there is a want of jurisdiction or an act in excess of jurisdiction which is apparent on the face of the record. *City of Fayetteville* v. *Baker,* 176 Ark. 1030, 5 S.W. 2d 302; *Hardin* v. *Norsworthy,* 204 Ark. 943, 165 S.W. 2d 609; *Martin* v. *Hargrove,* supra. It is not available to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. *Hardin* v. *Norsworthy,* supra; *Arkansas State Highway Comm.* v. *Light,* 235 Ark. 808, 363 S.W. 2d 134; *Hendricks* v. *Parker,* 237 Ark. 656, 375 S.W. 2d 811.

When there is a remedy by appeal, a writ of certiorari will not be granted unless there was a want of jurisdiction, or an excess in its exercise, by the court below. *Baxter* v. *Brooks,* 29 Ark. 173.[2]

The first ground asserted as a basis for this appeal is that the position of the taxpayer in this lawsuit is not in the best interest of the state in light of the litigation pending in the federal courts. In the absence of charges of wrongdoing by state officials, it does seem odd that parties whose positions are as adverse as those of Nelson and the defendants sued by him would make virtually identical contentions on the matters which were before the trial court. Yet, a determination that the taxpaying plaintiff's action was not in the best interest of the state, on the face of the record only, would

---

[2]For a discussion of the use of the writ in Arkansas, see Bryant, "Certiorari in Arkansas" 17 Ark. L. R. 163.

be premature. There is no statute governing taxpayer's actions, so this question can only be determined on a trial of the case on its merits. It cannot be reviewed by us at this time in the exercise of any supervisory jurisdiction.

The next point relied upon by appellant is the assertion that the chancellor erred in denying appellant's motion for a stay. The granting or denial of a stay or continuance is a matter lying within the sound judicial discretion of the trial court. *Phillips* v. *Nowlin*, 238 Ark. 480, 382 S.W. 2d 588. It has never been held that the pendency of an action in the federal courts is a ground for a continuance or abatement of an action in our state courts. See *Boynton* v. *Brown*, 103 Ark. 513, 145 S.W. 242. If the chancery court was in error through manifest abuse of discretion in refusing the stay, that error is correctable on appeal from a judgment adverse to appellants, at the proper time. *Keenan* v. *Strait*, 221 Ark. 83, 252 S.W. 2d 76; *Burriss* v. *Wise & Hind*, 2 Ark. 33; *Great American Ins. Co.* v. *Stevens*, 178 Ark. 84, 10 S.W. 2d 356.

Since the trial court exercised its discretion in a matter clearly within its jurisdiction, its action is not subject to review at this time. It is not clear to us why appellee-plaintiff Nelson prefers a trial in the state court in view of the possible recovery of treble damages in the federal courts. There is no allegation that the duly designated state officials are not pursuing the matter aggressively and in good faith. Yet the courts cannot control the taxpayer's actions in this matter in the absence of statutory guidlines in this field, and we cannot review the trial court's action in this regard at this stage of the proceeding.

In his first pretrial order, the chancellor appointed a Special Master, and instructed him to prescribe rules for the expeditious and orderly progress of the tasks with which he was charged, and to proceed with hear-

ing of evidence and ruling upon all matters of fact and law incident thereto. The master was directed, upon completion of the presentation of evidence, to prepare and file his recommended findings of fact and conclusions of law and a proposed decree. In this respect, the trial court was proceeding illegally. Before a master is appointed, the main issue establishing the rights of the parties should be determined so that definite directions can be given to the master for his guidance. *Hicks* v. *Hogan,* 36 Ark. 298; *Fullenwider* v. *Bank of Waldo,* 101 Ark. 259, 142 S.W. 149. It was pointed out, in *Hicks* v. *Hogan,* that the chancellor should hear the cause upon the pleadings and such evidence as may enable him to determine the principles to be applied in adjusting the equities of the parties and then make a reference to a master for such special inquiries or statements of accounts as may aid the court in making a definite decree. The decision in *La Buy* v. *Howes Leather Co.* 352 U.S. 249, 77 Sup. Ct. 309, 1 L. Ed. 2d 290 (1957) involved the application of the very same principle to an antitrust case which included charges of monopoly and price fixing under the Sherman Act. In that opinion, the United States Supreme Court stated that the use of masters was to aid judges in the performance of specific judicial duties as they arise and not to displace the court. They held that the appointment of a master and a reference at the inception of the case to take evidence and to report the same to the court with his findings of fact and conclusions of law was an action beyond the court's powers. There, as here, an effort was made to support the reference by reason of anticipation of a lengthy trial, complexity of the issues and congestion of the court's calendar. We agree with the Supreme Court of the United States that these reasons do not constitute sufficient grounds for the virtual displacement of the court by a Special Master. While we can conceive of situations in which a reference of particular matters may be made to a master during the course of litigation, a reference as broad as the one involved here is clearly in excess of the court's jurisdiction and

in that respect the court proceeded without authority of law. *Jones* v. *Adkins*, 170 Ark. 298, 280 S.W. 389, relied upon by appellees, is not contrary to this view. The only issue there was an accounting, for which purpose we have always recognized the power of the court to appoint a master. If this case should reach the point where the only issue remaining is a matter of accounting, the appointment of a master would be appropriate.

We have not overlooked the argument of appellees that there was an agreement to the appointment of a master. The record does disclose a colloquy among the court and counsel for the respective parties at a pretrial conference on October 16, 1968, at which all seem to have agreed that a master should be appointed in the case. At that time appellants' complaint had not been filed. There was no suggestion, until the order of December 5 was entered, that the reference to the master would be as extensive as set out in the court's order. An objection to the appointment was made by appellants at a pretrial conference on November 17. It was repeated in their motion for reconsideration.

Appellees also argue that the chancellor's statements after the entry of the order appointing the master indicate that he did not intend to refer the whole case, but would maintain control over the activities of the master. We can only regard the content of the court's order in reviewing the matter on certiorari. We agree with the chancellor's statement on hearing the motion for reconsideration that the work of the master can be postponed until such times as the issues are developed to a point where a reference is proper and desirable.

We have previously recognized the state's immunity from costs when acting in a governmental capacity in an action not brought by it. *McCastlain* v. *Oklahoma Gas & Electric*, 243 Ark. 506, 420 S.W. 2d 893. We did recognize that the rule is altered when there is specific statutory authority for payment of costs by the state;

however, Ark. Stat. Ann. § 27-2307 provides that the state shall not be required to give security for costs. Master's fees and expenses are costs in the sense in which the word is used in this statute.    See *Jones* v. *Adkins,* 170 Ark. 298, 280 S.W. 389.

The chancery court's order in this respect was unauthorized and in excess of its jurisdiction.[3]

In the respects in which we have found that the trial court was proceeding illegally and in excess of its jurisdiction, treating the proceedings here to be upon the application for certiorari, the portions of the court's order relating to these matters are quashed. Petitions for mandamus and prohibition are denied.    As to all other matters the appeal is dismissed as premature.

---

[3]Although this court has been very liberal in construing and applying Article XVI, §13, of our constitution permitting taxpayers' action, we cannot approve any requirement that the state be called upon to bear the expense of preparation and trial of these actions.