MAY CONSTRUCTION COMPANY and
Ruffin Building Systems, Inc. *v.*
RIVERDALE DEVELOPMENT COMPANY, LLC

01-121                                                   45 S.W.3d 815

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*Eichenbaum, Lile & Hester, P.A.*, by: *Richard L. Ramsay*, for appellant May Construction Company.

*Wright, Lindsey & Jennings LLP*, by: *David M. Powell*, for appellant Ruffin Building Systems, Inc.

*Kaplan, Brewer, Maxey & Haralson, P.A.*, by: *Philip E. Kaplan* and *Regina Haralson*, for appellee.

DONALD L. CORBIN, Justice. Appellants May Construction Company and Ruffin Building Systems, Inc., appeal the orders of the Pulaski County Circuit Court denying their motions to stay proceedings filed by Appellee Riverdale Development Company, LLC, in the Pulaski County Circuit Court. For reversal, May and Ruffin argue that it was error for the trial court to deny their motions for a stay because the parties had contracted to settle disputes via arbitration, and the arbitration proceedings should go forth prior to the commencement of any circuit court proceedings.

This court previously denied May's petition for a writ of prohibition in this matter in *May Constr. Co. v. Thompson*, 341 Ark. 879, 20 S.W.3d 345 (2000). As this is a second appeal, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We now dismiss the instant appeal, as the orders being appealed from are not final, appealable orders.

The record reflects that on August 30, 1996, Riverdale entered into a contract with May for construction of a commercial office building located at 2102 Brookwood Drive in Little Rock. Included in the project was May's erection of a pre-engineered metal building manufactured by Ruffin, from whom May purchased the materials for construction. Disputes began arising between May and Riverdale regarding completion of the project. The contract entered into by May and Riverdale included a provision requiring arbitration of contract disputes between the parties. May initiated an arbitration proceeding with the American Arbitration Association on May 13, 1999, claiming that Riverdale had failed to pay approximately $33,000 owed under the contract. Riverdale, in turn, filed a complaint in circuit court on May 25, 1999, alleging that May failed to perform certain requirements under the contract and also acted negligently and deceitfully in the performance of the work and the construction of the building. Riverdale also filed a motion to stay arbitration with the circuit court on June 1, 1999. In an order dated June 7, 1999, the circuit court denied the motion to stay arbitration, but did stay discovery in the circuit court action, pending resolution of the arbitration proceeding.

Soon after discovery began in the arbitration proceeding, Riverdale complained that May had failed to comply with its repeated requests for certain discovery. On October 14, 1999, Riverdale sought an order from the arbitrator, Bill S. Clark, compelling May to comply with discovery requests. Clark granted Riverdale's motion to compel discovery on November 1, 1999, thereby ordering May to furnish all the items requested in the motion. In addition, Clark also issued a *subpoena duces tecum* to William Oldner, a design engineer with Ruffin. May continued to ignore Riverdale's repeated attempts to view the requested documents, as well as their attempts to depose Oldner. As a result, Riverdale filed a motion to dismiss the arbitration, or in the alternative, a motion for sanctions.

On January 21, 2000, Riverdale filed a motion to compel discovery in circuit court, arguing that May should not be allowed

to recover the alleged breach damages, and that neither Oldner nor any other representative of Ruffin should be allowed to testify at the arbitration hearing without producing the requested discovery materials. Subsequently, Riverdale filed a motion to continue the arbitration, due to its pending motion in circuit court. May countered that Riverdale's motion was simply an attempt to delay arbitration due to its own failure to properly perform discovery before the scheduled arbitration hearing.

The circuit court held a hearing on Riverdale's motion on February 3, 2000, and issued its orders from the bench. Thereafter, on March 2, 2000, the circuit court entered three orders, *nunc pro tunc*, on March 2, 2000. The first order required May to collect and have available for inspection and copying all of its documents relating to the contract dispute within three days from the date of the order, and allowed Riverdale to redepose Oldner and obtain relevant information from Ruffin, if it so chose. Otherwise, May would be barred from relying on information or testimony from Ruffin during the arbitration hearing. The circuit court also stayed the arbitration until May complied with its order. The second order required Riverdale to file its notice of deposition of Oldner in the appropriate Louisiana court. The circuit court also stated that it retained jurisdiction over the parties and the subject matter to enforce the order. In its final order, lacking the court's file mark, the circuit court ordered May to produce all requested documents and vendor files. The court found further that because May had refused to answer Riverdale's first request for admissions, the requests were deemed admitted.

These orders were followed by a petition for a writ of prohibition filed by May with this court on March 24, 2000. Upon review, this court determined that May's petition was actually a petition for writ of certiorari, because May sought relief for actions already taken by the circuit court. After determining that May failed to demonstrate that there had been a plain, manifest, clear, and gross abuse of discretion, this court denied May's petition. This court went on to state that it was not evident from the record that the circuit court had exceeded its jurisdiction by issuing orders to enforce the arbitrator's discovery orders.

On May 19, 2000, Riverdale filed an amended complaint in circuit court, adding Ruffin as a defendant, and asserting claims against it for negligence, breach of implied warranty, defective product, and fraud. In response, both May and Ruffin filed motions to stay the circuit court proceedings, pending arbitration, because

they alleged that the amended complaint was actually a contract claim, subject to arbitration. On July 14, 2000, May also filed a motion to vacate the March 2 orders, contending that they had complied with the circuit court's orders regarding discovery. Riverdale objected to the motion to vacate on the basis that it was not timely filed, pursuant to Ark. R. Civ. P. 60(a).[1] The circuit court denied each motion, and this appeal followed.

For their sole point on appeal, May and Ruffin argue that the circuit court abused its discretion in refusing to stay the court proceedings until the arbitration could be resolved. May and Ruffin assert that the parties' contract provides for arbitration and that due to the strong preference for arbitration, it should go forward first. Moreover, May and Ruffin contend that judicial economy favors staying the circuit court proceedings, as the arbitration may dispose of the circuit court claims. Riverdale counters that the circuit court's orders denying the stay are not final, appealable orders. We agree.

At issue is the trial court's denial of May's and Ruffin's motion to stay the circuit court proceedings. We disagree with May's and Ruffin's assertions that their pleadings are actually motions to compel arbitration. The circuit court has in no way nullified the agreement between May and Riverdale to arbitrate the contract claims. Only after continued disputes regarding discovery, did the circuit court stay arbitration, pending May's compliance with its discovery orders.[2] May chose not to appeal that order; instead, both May and Ruffin filed motions asking the circuit court to stay its proceedings. In *State v. Nelson*, 246 Ark. 210, 438 S.W.2d 33 (1969), this court held that an order regarding a motion to stay is a matter lying within the sound discretion of the trial court. This court then refused to treat an order denying a stay as a final, appealable order, stating that "[i]f the chancery court was in error through manifest abuse of discretion in refusing to stay, that error is correctable on appeal from a judgment adverse to appellants at the proper time." *Id.* at 218, 438 S.W.2d at 39. Accordingly, the circuit

---

[1] Although May's notice of appeal includes the circuit court's order denying its motion to vacate, May does not specifically argue on appeal that the trial court erred in refusing to vacate its previous orders. In any event, we note that the motion to vacate was not filed within the ninety-day time period, as required under Rule 60(a), and thus was properly denied as untimely.

[2] A court has the authority to stay further proceedings where a party fails to comply with discovery orders, pursuant to Ark. R. Civ. P. 37(b)(2)(C).

court's orders denying the motions to stay are not reviewable at this time.

Appeal dismissed.